HUBERT G. STONE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion filed April 12, 1916.

1. The State constitution does not grant particular legislative powers, but contains specific limitations of the general law-making power of the legislature.

2. The duties of a State Attorney are statutory; and while under the constitution there must be "a State Attorney in each Judicial Circuit," the constitution does not expressly or impliedly require the duties "prescribed by law" for such officer to be confined to the Judicial Circuit in which he is appointed.

3. Testimony of a witness that she was present when a statement was made is not hearsay.

4. The age of a child may be testified to as a matter of family history.

5. It is not error to refuse a requested charge that is in substance sufficiently covered by a charge given.

6. A charge on the law applicable to facts of a case is not a charge on the facts.

7. Where charges are endorsed by the judge as refused because covered by other charges given, it is not error to permit them to be taken by the jury to the jury room with the charges given, where no harm reasonably could have resulted therefrom.

8. Where there is ample evidence to sustain the verdict, and there is nothing to indicate that the jury were not governed by the evidence, and no material or harmful errors of law or procedure appear, the judgment will be affirmed.

Writ of Error to Circuit Court, Polk County; O. K. Reaves, Judge.

Judgment affirmed.

*Thomas Palmer, J. J. Swearingen, O. K. Olliphant* and *L. C. Johnson,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—The plaintiff in error was charged by indictment with the statutory offense of unlawfully or carnally knowing and abusing a female child under the age of ten years. He was convicted of an assault with intent to commit rape, which is included in the offense charged, and took writ of error.

At the trial in Polk County in the Tenth Judicial Circuit, the defendant "in open court objected to the said cause against him being prosecuted by M. A. McMullen, State Attorney for the Sixth Judicial Circuit, the said M. A. McMullen never having been appointed by this court or sworn in as acting State Attorney, or as assistant

State Attorney, for the Tenth Judicial Circuit of the State of Florida, in and for Polk County, and not having been appointed or sworn, either as acting State Attorney or assistant State Attorney in the case against this defendant, and thereupon moved the court to exclude from the prosecution of this defendant, the said M. A. McMullen, State Attorney of the Sixth Judicial Circuit of the State of Florida.

"To the granting of which said motion, the plaintiff, the State of Florida, did then and there object, because the Governor of the State of Florida, by an executive order filed in said court, had transferred said M. A. McMullen, the State Attorney of the Sixth Judicial Circuit to attend the court of the Tenth Judicial Circuit for Polk County, and by said order had sent the Hon. M. A. McMullen, State Attorney of the Sixth Judicial Circuit, to attend and represent the State in all causes pending in the Tenth Judicial Circuit of the State of Florida, in and for Polk County, and the said Judge did then and there deliver his opinion and decide that said objection should not be sustained, and said motion of the defendant should not be granted, and overruled the same, to which said decision and ruling of said Judge, the defendant by his attorney did then and there except."

It is argued that the State Attorney for the Sixth Judicial Circuit could not lawfully prosecute the defendant in the Tenth Judicial Circuit because the statute authorizing the transfer of such officer is unconstitutional, and because no oath was taken in the case by such prosecuting officer.

The constitution ordains that "The Governor, by and with the consent of the Senate, shall appoint a State Attorney in each Judicial Circuit, whose duties shall be pre-

scribed by law, and who shall hold office for four years."
Sec. 15, Art. V.

Section 1, Article III of the constitution provides
that "The legislative authority of this State shall be vest-
ed in a Senate and House of Representatives, which shall
be designated 'The Legislature of the State of Florida.'"
Under this provision the legislature may exercise any
lawmaking power that is not forbidden by the organic
law of the land. The constitution does not grant partic-
ular legislative powers, but contains specific limitations
of the general lawmaking power of the legislature. See
City of Jacksonville v. Bowden, 67 Fla. 181, 64 South.
Rep. 769; Chapman v. Reddick, 41 Fla. 120, 25 South.
Rep. 673. The constitution requires the appointment of
"a State Attorney in each Judicial Circuit, whose duties
shall be prescribed by law." Thus the duties of a State
Attorney are statutory; and while under the constitution
there must be "a State Attorney in each Judicial Cir-
cuit," the constitution does not expressly or impliedly re-
quire the duties "prescribed by law" for such officer to
be confined to the Judicial Circuit in which he is ap-
pointed. Consequently the legislature had authority to
enact the following provision, being section 2 of Chapter
5399 Acts of 1905, section 1781b Compiled Laws of
1914: "That if any State Attorney shall be disqualified
to represent the State in any case pending in the Circuit
Court of his circuit, or if for any reason the Governor of
the State thinks that the ends of justice would be best
subserved by an exchange of State Attorneys, the Gov-
ernor may require an exchange of circuits or of courts,
in any of the counties of this State between such State
Attorney and any other State Attorney of the State, or
may assign any State Attorney of the State to the dis-
charge of the duties of State Attorney in any circuit of

the State, at any regular or special term of the Circuit Court."

The contention that as the constitution expressly provides for assigning Circuit Judges to act in any circuit, and makes no such provision as to State Attorneys, the legislature is thereby impliedly forbidden to authorize the assignment of a State Attorney to temporary service in another Circuit.  It is argued that the maxim *expressio unius est exclusio alterius* is applicable, and that the constitution impliedly excludes such legislation as to State Attorneys because an exchange of circuits is expressly authorized only as to Circuit Judges.  This view is untenable because the provisions relating to Circuit Judges and to State Attorneys are in different sections of the organic law; and because the *jurisdiction* of Circuit Judges is defined in the constitution, while the *duties* of the State Attorneys are expressly required to be "prescribed by law."  It may be as important to the public welfare that State Attorneys be temporarily assigned to other circuits as it is for Circuit Judges to be so assigned. State Attorneys have only *"duties"* to perform, while Circuit Judges exercise *"jurisdiction."*  The constitution makers may have considered it appropriate to provide in the organic law for an exchange of Circuit Judges since their *jurisdiction* is defined by the constitution, while the State Attorneys having only *duties* to perform, which duties must be "prescribed by law," the nature and extent of those duties and the territorial limits within which they are to be performed, could appropriately be left to the legislature.  The statute is not in conflict with organic law.  As the State Attorney for the Sixth Judicial Circuit was required to take the constitutional oath of office when he was commissioned, it is not necessary for him to take another oath of office to perform his official

duties as State Attorney when assigned to duty in another circuit under the quoted statute.

The above discussion may not be necessary since the State Attorney holding an office named in the constitution, was acting under color of authority and the rule is that when it appears that a person exercising the powers or duties of an office named in the constitution does so by virtue of a recognized color of right, his acts, as to third persons, are valid, and his right to exercise the duties of the office can be authoritatively enquired into only in some direct proceeding for that purpose. See State *ex rel.* Attorney General v. Gleason, 12 Fla. 190, text 232.

A witness testified that the prosecuting witness "made a statement to me regarding that affair," and afterwards the witness "went to her (prosecutrix's) home and her father wasn't there and she made the same statement that she made to me." Defendant moved to strike this as being "hearsay testimony." The motion was denied and an exception noted. This testimony was merely that the prosecutrix made at home the same statement that she had previously made to witness. The witness testified of her own knowledge that the subsequent statement was made.

A witness for the State testified as follows: "My name is Bessie Brassell. I am the sister of Mrs. W. W. Mann. I am aunt to little Allene (the prosecutrix), she is my niece. I do know the age of Allene. She was born September the 5th, 1904. I do know where she was born, she was born at York, Florida. I did have a brother named Allen. He is dead. I know whether he died before Allene was born or afterwards, he died the 10th of October, 1903, it was before Allene was born.

CROSS EXAMINATION.

I was living at Lakeland the time that Allene was born. I know that she was born September the 5th, 1904, because her father wrote us of her birth.

Whereupon counsel for defendant moves to strike said question and answer.

(By the Court:) Motion over-ruled because ages are matters of common knowledge in families. To which ruling and decision of the court the defendant by counsel then and there duly excepted."

This testimony as to a letter from the father was admissible to show why the witness knew as a matter of family history the age of the prosecutrix.

The following was given among the general charges:

"In order to convict the defendant, you must be satisfied from the evidence beyond a reasonable doubt, that the defendant in Polk County, Florida, unlawfully and carnally knew and abused the said Allene Mann and that at the time of the commission of the offense, the said Allene Mann was a female child under the age of ten years."

A somewhat similar charge was given with reference to the crime of assault with intent to commit rape, which offense is included in the indictment.

The court refused to give a requested instruction more elaborately covering the question of the age of the prosecutrix. While this refused charge might properly have been given, the court will not be held in error for refusing it since it is in substance covered by the charge previously given. The importance of the controverted question as to the age of the prosecutrix was sufficiently stated in the charges given. The defendant could not reasonably have been injured by the refusal.

There was no error in refusing to give the following requested charge:

"Defendant requests the court to charge the jury that under the law of the State, the character of a defendant for crime is presumed to be good, unless put in issue and sworn by the evidence to be otherwise." See McDuffee v. State, 55 Fla. 125, 46 South. Rep. 721.

The following is a portion of the general charge that is complained of:

"Neither is it necessary to show that the act was committed against the will of the child. Whether she yielded or resisted is immaterial, because the law presumes that female persons under the age of ten years are incapable of consenting to or protesting against the act."

This portion of the general charge was given in exposition of the law applicable to the offense charged in the indictment, and is not a charge on the disputed fact as to the age of the prosecutrix.

Two requested charges that were refused by the court were delivered to the jury and taken to the jury room along with the charges that were given, but as one of these refused charges was endorsed by the judge "refused because covered by general charge," and as the other refused charge is apparently similarly endorsed by the judge and was patently covered by charges given, there was no harm if error in allowing the jury to have the refused charges, particularly when the charges relate to the crime of rape and the conviction is only for an assault with intent to rape.

There is conflict in the evidence as to the age of the prosecutrix at the time of the alleged offense and it appears that seven or eight months elapsed before the prosecutrix made complaint of the defendant's conduct towards her; but on the whole evidence it does not appear

that the jury were not justified in the verdict found, or that they were not governed by the evidence in their finding.

This being so and no material or harmful errors of law or procedure having been made to appear, the judgment is affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.