JAMES MACK, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed February 24, 1917.

Where in a criminal prosecution for rape there is ample evidence to sustain the verdict and the rulings in admitting and rejecting testimony could not have been harmful in view of the entire proceedings, technical errors, if any, will not warrant a reversal of the judgment of conviction.

Writ of Error to Circuit Court for Duval County; George Couper Gibbs, Judge.

Judgment affirmed.

BROWNE, C. J., dissents.

*L. S. Gaulden,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—Mack was sentenced to life imprisonment on a conviction of rape with a recommendation to

mercy.  On writ of error it is contended that errors were committed in various rulings in admitting and rejecting testimony.  As there is ample evidence to sustain the verdict and as the rulings complained of could not have been harmful in view of the entire proceedings, the technical errors if any will not warrant a reversal.  Stone v. State, 71 Fla. 514, 71 South. Rep. 634.

The accused testified that he did not commit rape, but there was testimony of a confession by him that he did rob the victim, taking money from her stocking.  The confession was extra judicial and a preponderance of the evidence shows it was voluntary.  There is positive testimony of the victim identifying the accused and that "he knocked me down and dragged me in the bushes."  "He just choked me until I lost consciousness. I don't know what happened after that."  He was "on top of me choking me.  That's all I remember."  "Q.  Did he have intercourse with you?"  "A.  I don't know. I was unconscious.  I don't know anything about it."  "I am sure that (accused) is the man because I had a good view of his face when he had me on the ground.  He was on top of me."  "It was not dark."  "Q.  You can't say that he committed rape upon you then because you were unconscious?"  "A.  Yes, I was unconscious."  "My clothes were up when the people found me."  "I was down on my back."  "Q.  If he had intercourse with you, did you consent to it?"  "A.  Why certainly not."  "Q.  If he did it, did he do it by force and against your will?"  "A. He certainly did."  The jury were warranted in finding from the testimony of the victim and the corroborative evidence which was adduced as to her physical condition just after the alleged assault, that rape was committed.  A careful consideration of the entire record discloses that the defendant's rights were dutifully guarded at the trial

by his counsel, and that no errors were committed that prejudice the rights of the accused. Mack v. State, 54 Fla. 55, 44 South. Rep. 706. The conviction was had in due course of law and the judgment is affirmed.

TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.

BROWNE, C. J. dissents.