PIERCE, Judge.
This is an original proceeding in prohibition filed in this Court by relator Clayton Alvin Hamm, and is now pending upon application of relator for issuance of Rule Absolute. The facts of the instant case bring it within the direct purview of our opinion and decision announced this same day in the case of State of Florida ex rel. Hand v. Lane, 209 So.2d 873. Upon the authority of the Hand opinion and the numerous cases therein cited, the Rule Absolute must be issued in the case sub judice.
*877 This prohibition proceeding derives from the following facts occurring in the trial Court: On December 20, 1966, indictment was returned into the Collier County Circuit Court charging Clayton Alvin Hamm with the first degree murder of Charles Randolph Hamm. On November 6, 1967, trial began. After considerable interrogation, a jury was selected, empanelled and sworn. Testimony began, and on the same day three witnesses testified on behalf of the State, whereupon the State rested. One witness testified on behalf of the defendant before the trial was recessed for the night. On the following day six defense witnesses testified in full and the defendant thereupon placed on the witness stand one Dr. John Fabian Franklin, who had been a clinical psychologist and director of the juvenile court clinic in Detroit, Michigan, for twelve years but who, since February, 1958, had lived and practiced in Naples, Florida, serving for five years as school psychologist and also privately as clinical psychologist but who for the immediate past two years had been doing clinical psychology for the local health department. It was indicated he was to testify only as a character witness, attesting to the good reputation of defendant Clayton Alvin Hamm, and to the bad reputation of the victim, Charles Randolph Hamm. At this point we quote from the record:
“Q (by defense attorney Vega) Have you had the opportunity to meet professionally Charles Randolph Hamm?
A He was referred to me in March of 1961, after he had stolen a car and wrecked it—
THE COURT: (Gavel) That’s enough.
MR. SCHAUB: (State attorney) I ask for a mistrial, Your Honor.
THE COURT: I will grant it.
And thereupon a mistrial was granted by the Court and the Court having expressed its thanks to the members of the jury for their participation in the trial of this matter, court was thereupon adjourned.”
As we concluded in the Hand case, there was no manifest urgency or necessity to discharge the jury here. The jury had already been sworn, and the trial was running well into its second day, the State had rested and the defense was apparently beginning to conclude. The witness was only a minor character witness. His gratuitous statement that the victim of the homicide, Charles Randolph Hamm, “had stolen a car and wrecked it — ”, was, of course, not proper, but was not such as to be reasonably immune to a cautionary instruction by the Court to the jury. Especially is this true in view of the previous testimony showing commission by the same individual of numerous offenses, some far more serious, and even Court convictions.
It is unnecessary to further prolong this opinion. The Rule Absolute in Prohibition will be issued upon authority of the Hand case, supra.
ALLEN, Acting C. J., and HOBSON, J., concur.