239 So.2d 85 (1970)
STATE of Florida, ex rel. Osborne Wendell PRYOR, Relator,
v.
Samuel S. SMITH, Circuit Judge of the Circuit Court in and for the Third Judicial Circuit in and for Columbia County, Florida, Respondent.
No. M-277.
District Court of Appeal of Florida, First District.
August 18, 1970.
Rehearing Denied September 22, 1970.
James E. Moore, Jr., Merritt Island, and E. Wilson Crump, II, Niceville, for relator.
Earl Faircloth, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for respondent.
PER CURIAM.
This is an original action in prohibition by which relator seeks to prevent his trial on first degree murder charges on the constitutional ground of double jeopardy.
Relator was indicted and tried for first degree murder. While the jury was deliberating the case after a four-day trial, four photographs of the murder victim and a deposition of one of the State's witnesses, neither of which was entered into evidence, were allowed into the jury room. After the matter of such spurious evidence was brought to the court's attention by defense counsel who stated to the court in chambers that the evidence was such that a mistrial should be granted, inquiry relating thereto was made of the bailiff and court reporter. The trial judge started to call the jury in but the defendant, relator here, objected to the matter being the subject of the jury's special attention for the reason that "* * if the purpose of the Court in bringing the jury back is for the purpose of inquiry, we would object to it as to this evidence because if the Court denies a motion for a mistrial, * * * it would put us in the untenable position that the evidence that was in the jury room was now brought forcibly to the attention of the jury, * * "
Upon polling the jury as to whether the evidence was looked at in the jury room, the court declared a mistrial. *86 Relator contends that a mistrial was not required and unnecessary in the circumstances and, therefore, the discharge of the jury operated as an acquittal. We do not agree and deny the writ. The entry into the jury room of the unadmitted evidence amounted to an impermissible intrusion of the jury's deliberative process in violation of the rule announced by the Supreme Court in State ex rel. Larkins v. Lewis, 54 So.2d 199 (Fla. 1951).
In determining what is a legally sufficient reason for which to declare a mistrial, the court must be armed with discretion since he is conducting the trial and is familiar with the circumstances, tensions and conditions which may be present in the courtroom. Adkins v. Smith, 205 So.2d 530 (Fla. 1967). See also Smith v. State ex rel. Hamm, 225 So.2d 417 (Fla. 1969), reversing State ex rel. Hamm v. Smith, 209 So.2d 876 (Fla.App. 1968), upon which relator relies.
The suggestion for prohibition is denied.
JOHNSON, C.J., and RAWLS and SPECTOR, JJ., concur.