WALDEN, Judge.
Greg • Williams was tried by jury and convicted of attempted burglary contrary to Section 777.04, Florida Statutes (1981). He appeals. We reverse and remand for a new trial.
A single witness observed a man sitting on the windowsill of Clark Roofing, a business establishment. It was at night and the business was closed. The witness saw the man break the window of Clark Roofing with his naked hand. A car approached and the man departed on a bicycle. Greg Williams was apprehended in the neighborhood riding a bicycle. Shortly thereafter, the witness identified him as the person who broke the window. Williams said he was returning home from the library.
At the time Williams was apprehended he was wearing gloves, which gloves were received in evidence. The witness said he was not wearing gloves at the time of breaking the window and the first time she saw gloves was when she made the identification. There was no testimony that Williams’ hand was bleeding or injured at the time of his arrest.
The theme of Williams’ defense was that he was wrongly identified by the witness because, had he been the person who broke the glass window, he would have injured and bloodied his hand. Also, since there was no testimony that his hand was injured, he necessarily was misidentified. Williams’ counsel, in his closing argument, said:
He testified that the size of the glass was approximately two feet by four feet. That glass was broken by a person striking, hitting his hand into it, breaking it. The person, I submit, is not Greg Williams. Not only because Miss Owens said that she saw a hand, she did not see any gloves, because it is reasonable, it is reasonable, that if a person is going to break glass with their hand, what is going to happen to their hand? What is going to happen to their hand, Mrs. Ca-vallino?
Ms. Cavallino (a juror): It will bleed.
The same thesis was repeated in two other places in the closing argument.
The jury retired to the jury room to consider its verdict. At this point the plot thickens. The jury sent out a note, “We have discovered a bloody piece of paper in one of the glove fingers. May we consider this?” The existence of the stained paper in the glove was unknown to the State and to the defense. Williams’ counsel moved for a mistrial, arguing that the piece of paper had not been introduced in evidence and that since the jury had already concluded that the substance on the paper was blood, it undoubtedly assumed that the blood came from Williams.
The trial court denied the motion for mistrial, received the paper in evidence as a court’s exhibit, and instructed the jury to give the exhibit such weight as it deserved, considering all of the testimony that had been presented in the case.
There were no tests made to determine if the stain was blood and, if blood, that it was Williams’ blood. It was a total surprise with no opportunity for discovery, defense or cross-examination as to it. The “bloody” paper effectively destroyed Williams’ closing argument, and his counsel had no opportunity to even try to rebut or explain it, even had he been in a position to do so.
Identification was the key issue in the trial. We feel in light of the arguments, testimony and trial events, that inclusion of the stained paper as an exhibit severely prejudiced Williams and amounted to reversible error..
We reverse and remand for a new trial upon authority of Yanes v. State, 418 So.2d 1247 (Fla. 4th DCA 1982); Farese v. United States, 428 F.2d 178 (5th Cir.1970); *51 Vicksburg-Meridian Railroad Co. v. O’Brien, 119 U.S. 99, 7 S.Ct. 172, 30 L.Ed. 299 (1866); State ex rel. Pryor v. Smith, 239 So.2d 85 (Fla. 1st DCA 1970).
REVERSED AND REMANDED.
HURLEY and DELL, JJ., concur.