SHARP, Judge.
Harmon appeals from a final judgment adjudicating him guilty of attempted robbery.[1] The only issue of substance is whether the trial judge erred in sending to the jury room, in response to the jury’s request for further instructions, a set of standard jury instructions, which the judge had apparently read to them in court. The inapplicable parts of the instructions were blackened-out and the judge sent along a note which said: “Hopefully, the attached instructions will be of assistance. Ignore the blackened portions completely!” Defense counsel objected to this procedure because the print of the inapplicable part of the instructions could be read through the black marks.
This procedure is risky at best, because prejudicial matter might conceivably be sent to the jury. However, appellant has failed to point out any damaging or prejudicial material legible beneath the blackened-out portions of these instructions.[2] Therefore, we
AFFIRM.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. §§ 777.04, 812.13(2)(c), Fla.Stat. (1981).

. Cf. McCarthy v. State, 446 So.2d 252 (Fla. 5th DCA 1984); Dewitt v. State, 442 So.2d 1029 (Fla. 5th DCA 1983).