WARNER, Judge.
Appellant, Santana, was charged with attempted second degree murder and with resisting an officer without violence. A jury found the appellant guilty of both charges. He appeals his conviction which we reverse on the ground that the trial court erred in admitting evidence of the appellant’s post-arrest silence.
The victim of the attempted murder testified at trial that appellant had stabbed her in the back as she was going to buy a soda. The victim saw appellant but as a car was approaching the area, appellant ran off. He was subsequently apprehended by the police.
At trial appellant testified in his own defense that on the day in question he had been returning home when he saw the victim in the company of three males. He said that the victim told her companions to take his money, after which one of the men struck him. Thinking he was going to be robbed, appellant got out his knife. One of the victim’s companions pushed her into appellant resulting in her injuries. Upon cross examination, the prosecutor was allowed, over defense objection, to ask appellant why he had not told the officers who arrested him about his version of events. The prosecution is not permitted to question appellant’s failure to give his exculpatory statement prior to trial, as this would be a comment on a defendant’s right to remain silent which violates the Fifth Amendment of the United States Constitution. See Starr v. State, 518 So.2d 1389 (Fla. 4th DCA 1988); Hosper v. State, 513 So.2d 234 (Fla. 3rd DCA 1987). Because the instant case involved a contest of credibility between the victim’s version of events and the appellant's version of events, we cannot say that the error was harmless beyond a reasonable doubt. C.f State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Therefore, we must reverse and remand for a new trial.
Since this case is being remanded, we also wish to comment on two other matters which should be corrected on retrial. First, a complete instruction on attempted manslaughter, which was a lesser included offense of second degree murder, must include definitions of justifiable and excusable homicide. Hedges v. State, 172 So.2d 824 (Fla.1965). While the trial court gave an instruction on justifiable use of deadly force, no instruction on excusable homicide was given. We do not fault the trial court for failing to give such instruction at this trial, because he asked if such instruction should be given, and the parties agreed that it should not be given. Therefore, were it not for the reversal because of the right to remain silent, we would have considered it harmless error. However, upon retrial we caution the court that the instructions given at the previous trial were incorrect in that respect.
Secondly, pursuant to a request by the jury asking for the definitions of the various charges, but over the objection of both the appellant and the appellee, the trial court sent back photocopies of the instructions given as contained in the standard jury instruction booklet. Both appellant and appellee objected because inapplicable sections had been crossed out but were still legible, and changes were inserted. Furthermore, the trial judge did not caution the jury as to inapplicable sections.
In Yanes v. State, 418 So.2d 1247 (Fla. 4th DCA 1982), this court reversed a trafficking conviction when the jury, upon request for reinstruction, was given the whole book of jury instructions. While the trial court cautioned the jury not to read anything but the marked passages, the court felt this was insufficient considering the potential for prejudice. Likewise, in Harmon v. State, 448 So.2d 630 (Fla. 5th DCA 1984), the jury was sent a set of standard instructions which contained blackened out sections. Although this was not considered reversible error in that case, *295 the Fifth District commented that the practice of sending in written instructions with blackened out portions was “risky at best, because prejudicial matter might conceivably be sent to the jury.” We wholeheartedly agree with this and would caution against such a practice in the future. There are many notes contained with the standard jury instructions which are very helpful to the trial court and the parties in construing the jury instructions, but which can only lead to confusion of the jury if they are sent back for consideration. Such a practice should not be allowed on retrial.
For the foregoing reasons this cause is reversed and remanded for a new trial.
HERSEY, C.J., and STONE, J., concur.