## ALEXANDER v STATE OF FLORIDA

### Case No. 89-0021 AC A02 (County Court Case No. 88-22406-MM A02)

Fifteenth Judicial Circuit, Palm Beach County

December 5, 1989

### APPEARANCES OF COUNSEL

**Peter Birch, Esquire,** for appellant.

**Robert Jaegers, Esquire,** Assistant State Attorney, for appellee.

Before CARLISLE, COHEN, MILLER, JJ.

### OPINION OF THE COURT

CARLISLE, J.

The issue in this case is whether the prosecution comments on a defendant's silence if it cross-examines him on why he did not include certain facts in a statement to the police.

The issue arises from an altercation following a near-traffic accident. Darlene Tyson claimed that Donald Alexander grabbed her by the neck and shouted obscenities at her. A Deputy St. Cyr examined her and found red marks on her neck. A few days later they asked Alexander to come to the police station. He arrived with an attorney and was advised of his Miranda rights. He told them that he did not assault Tyson but merely yelled at her; that she began to edge over the passenger side of her car and he felt she might have a gun so he got into his car and left. He did not mentioned to the police that she followed him throughout the city for a considerable period of time thereafter. At trial, however, he asserted that he had tried to cooperate fully with the police and also that Tyson followed him. The prosecution cross-examined as to his failure to tell the police about her having followed him.

Alexander claims this cross-examination was improper comment on his right to remain silent. More specifically, he contends the prosecution may not cross-examine on matters not contained in inculpatory or exculpatory statements to the police but concedes only that inconsistencies between trial testimony and pretrial statements can be explored.

The State, on the other hand, contends it has the right to question why embellishments and flourishes asserted by defendant at trial did not adorn the statement he gave the police during investigatory proceedings.

It seems to us not only fair but logical to inquire of a defendant why his statement to the police was devoid of facts which, if true, would logically have been contained in the statement and which only after reflection are brought out by the defendant at trial testimony.

Fairness and logic aside, the law even allows examination of this kind. In *Smith v State,* 539 So.2d 514, 14 FLW 541, February 24, 1989, Smith testified at trial that he was afraid of the victim. He was cross-examined as to why he had not told the police he was frightened of the victim. The court held:

"We conclude that these questions and answers were not comments upon the exercise of defendant's right to remain silent. Defendant did not remain silent at his arrest; he made several spontaneous, exculpatory statements to the deputies about why he shot the victim. The state's questions were aimed at pointing out the inconsistencies in defendant's exculpatory statements. No error occurred. See, Anderson v Charles, 447 U.S. 404, 65 L. Ed.2d 222."

Comment on defendant's silence occurs in a situation like *Santana v State,* (4DCA) 548 So.2d 293. After Santana was arrested he remained

26

silent. At trial he testified that it was self-defense. On cross-examination the prosecutor asked him why he had not told the officers who arrested him about that version of the events.

Affirmed.

COHEN, MILLER, JJ., concur.