MORTON C. NICHOLS, *Plaintiff in Error,* v. MARTHA E. WALTON, *Defendant in Error.*

Opinion Filed November 23, 1921.

1. An order *nunc pro tunc* may be made to correct a mistake in failing to enter an order that was actually made.

2. An order can be entered *nunc pro tunc* to make a record of what was previously done by the court, although not then entered; but where the court has wholly omitted to make an order, which it might or ought to have made, it cannot afterward be entered *nunc pro tunc.*

3. In the absence of a contrary showing the presumption is that a *nunc pro tunc* order was made to effectuate an order actually and duly made, but which by mistake was omitted from the minutes of the court.

Motion to strike Bill of Exceptions.

Motion denied.

*Frank A. Pettibone,* for Plaintiff in Error;

*S. C. Kearley* and *Fred H. Davis,* for Defendant in Error.

WHITFIELD, J.—Defendant in error presents a motion to strike the bill of exceptions from the transcript of the record brought here on writ of error upon the asserted grounds that the bill of exceptions was made up and signed after the expiration of the term at which the trial was had and the verdict was rendered, ''and no special order allowing further time was entered by the trial judge;'' and in effect because the entry of the *nunc pro tunc* order after

13—Vol. 82

the adjournment of the term extending the time for settling and signing the bill of exceptions is ineffectual to authorize the authentication of the bill of exceptions after the adjournment of the court for the term.

Rule 97 of the Circuit Court Rules in Actions at Law provides that "The bill of exceptions shall be made up and signed during the term of the court at which the verdict is rendered or trial had, unless by special order further time is allowed. In case such special order is made, it shall be entered in the minutes, and in making up the bill of exceptions the fact that such an order was made shall be mentioned therein, or shall otherwise appear in the record."

The motion does not assert that a special order under the rule extending the time after adjournment for the term, for authenticating the bill of exceptions was not in fact made by the court during the term, but merely that such order was not "entered by the trial judge."

An order *nunc pro tunc* may be made to correct a mistake in failing to enter an order that was actually made. 15 Ency. Pl. & Pr. 344.

An order can be entered *nunc pro tunc* to make a record of what was previously done by the court, although not then entered; but where the court has wholly omitted ·an order, which it might or ought to have made, it cannot afterward be entered *nunc pro tunc*." 29 Cyc. 1561.

The motion upon which the *nunc pro tunc* order was made is not in the transcript, and the nature of the *nunc pro tunc* order does not exclude the idea that a proper order was in fact duly made by the judge in term time and was by inadvertence or otherwise omitted from the minutes of the court; in which case it could properly be

entered *nunc pro tunc.* See Greeley v. Percival; 21 Fla. 428; Stephens v. Hale, 33 Fla. 618; 15 South. Rep. 251.

In the absence of a contrary showing the presumption is that the judge made the *nunc pro tunc* order to effectuate an order actually and duly made by him, but which by mistake was omitted from the minutes of the Court.

Motion denied.

Browne, C. J., and Taylor, Ellis and West, J. J., concur.