E. H. ARMSTRONG, F. R. MILLS, M. S. COUCH, F. V. B. COUCH, LOUIS ROEY, alias LOU ROEY, JACK GINTY and MICHALL BOISCH v. S. E. STONE, as Sheriff of Volusia County.

HOWARD ARMSTRONG v. S. E. STONE, as Sheriff of Volusia County.

178 So. 294.

Division B.

Opinion Filed January 14, 1938.

*Stafford Caldwell* and *H. B. Hodgden,* for Petitioners;
*Cary D. Landis,* Attorney General, *J. C. Adkins,* State Attorney, and *Herbert. S. Phillips,* for Respondent.

BROWN, J.—In these two habeas corpus proceedings, the petitioners assert that the twenty-one informations upon which the capiases were issued and the petitioners arrested are all null and void and confer no jurisdiction upon the Circuit Court in and for Volusia County, and that petitioners should not be held and forced to go to trial thereunder, because said informations were sworn to and filed by a State Attorney of another Circuit who was without lawful authority to take such action in Volusia County.

The two main grounds upon which petitioners base this charge of illegality and absence of authority are: (1) That under Section 10 of the Declaration of Rights contained in our Constitution, as amended at the election held in 1934, only "the prosecuting attorney of the Court wherein the in-

formation is filed" is vested with authority to file informations charging felonies less than capital, whereas these informations were filed by the State Attorney of the Eighth Judicial Circuit, who was not "the prosecuting attorney of the Court" wherein said informations were filed, which court was the Circuit Court for Volusia County, which County is in the Seventh Judicial Circuit and that the then Governor's executive order could not and did not lawfully vest the State Attorney of the Eighth Circuit with legal authority to file informations charging felonies in a Circuit Court of the Seventh Circuit, such executive order being in conflict with said constitutional amendment; and (2) that even if the Governor had such power, the informations here involved are null and void, because, under the terms of such executive order, the limited time within which such authority was attempted to be vested in such State Attorney for the Eighth Circuit had expired, and therefore his authority to act in the premises had expired before, and when, such informations were filed by him in said Circuit Court for Volusia County.

As these two cases involve practically the same questions of law and fact, they were argued and submitted to this Court together, on December 10, 1937.

Prior to the amendment adopted in 1934 Section 10 of the Declaration of Rights provided that:

"No person shall be tried for a capital crime or other felony, unless on presentment or indictment by a grand jury, except as is otherwise provided in this Constitution," etc.

As amended at the general election held November 6, 1934, said Section 10 of the Declaration of Rights, in so far as the same is applicable here, was changed to read as follows:

"No person shall be tried for a capital crime unless on presentment or indictment by a grand jury, and no person

shall be tried for other felony unless on presentment or indictment by a grand jury or upon information under oath filed by the prosecuting attorney of the court wherein the information is filed, except as is otherwise provided in this Constitution."

In support of their first contention to the effect that the informations involved in these cases are unconstitutional, null and void because they were not filed by the prosecuting attorney of the court wherein the informations were filed, to-wit: Hon. Murray Sams, the State Attorney of the Seventh Judicial Circuit of Florida, petitioners cite State v. Butler, 70 Fla. 102, 69 So. 771; Stone v. State, 71 Fla. 514, 71 So. 634; Segars v. State, 94 Fla. 1128, 115 So. 537; State v. Botts, 101 Fla. 361, 134 So. 219, and State v. Davidson, 121 Fla. 196, 163 So. 588.

While this Court has been very much impressed with the very able and convincing argument presented by counsel for the petitioners in support of this first proposition for which they contend, the majority of the Court are of the opinion that, inasmuch as these cases can very readily and definitely be disposed of upon the second contention made by the petitioners, the Court should not rule upon the first point made, because the courts generally refrain from passing on the constitutionality of a statute or an executive order if the particular case or cases before them can be disposed of upon some other ground.

In considering the second question involved, hereinabove briefly outlined, it might be well to review briefly the facts of the case as disclosed by the pleadings and upon which the cases here argued are submitted to this Court for decision.

The executive order under which Hon. J. C. Adkins, State Attorney of the Eighth Judicial Circuit, was assigned to officiate as State Attorney of the Seventh Judicial Cir-

cuit in and for Volusia County, and under which said State Attorney was supposed to be acting at the time the twenty-one informations involved in these cases were filed, was made and issued by the Governor of Florida on March 26, A. D. 1936. There had been two executive orders of a similar nature issued previously, one dated January 26, 1936, and the other dated February 7, 1936.

On the 14th day of February, 1936, the said J. C. Adkins filed in the Cricuit Court of Volusia County, Florida, six informations against the petitioner, Howard Armstrong, attempting to charge the petitioner severally with the commission of six separate and distinct felonies.

On the same day, February 14th, 1936, the said J. C. Adkins filed in said court one information, attempting to charge petitioner M. S. Couch and petitioner E. H. Armstrong with the commission of a felony.

On the 6th day of March, 1936, the said J. C. Adkins nolle prossed the six informations, theretofore filed against petitioner Howard Armstrong and on the same day he filed in the said court six informations against said petitioner, attempting to charge the commission of the same felonies.

On the 14th day of March, 1936, the said J. C. Adkins filed in the said Circuit Court thirteen informations, against petitioners E. H. Armstrong, et al., and also including as a defendant in all thirteen informations one J. B. Kahn (not now a defendant or petitioner, as explained hereafter).

Following the transactions of March 14th, twenty informations were pending in the Circuit Court of Volusia County involving all the petitioners above named, six informations pending against Howard Armstrong, filed March 6, 1936; one information against M. S. Couch and E. H. Armstrong, filed February 14, 1936; and thirteen informations against E. H. Armstrong and the other petitioners

in the first case described above; and also including as a defendant one J. B. Kahn.

Pleas to the jurisdiction were filed by the various defendants, addressed to all of the twenty informations described above.

Pending the action of said Circuit Court on said pleas to the jurisdiction, on the 26th day of March, A. D. 1936, the Governor of Florida made and issued his executive order, wherein he did: "hereby designate, assign and appoint Honorable J. C. Adkins, State Attorney of the Eighth Judicial Circuit of Florida, to proceed to DeLand in the County of Volusia, in the State of Florida, and thereupon, on Monday, the 13th day of April, A. D. 1936, and *as long as may be necessary thereafter, on account of the absence of the resident State Attorney,* to officiate as State Attorney of the Seventh Judicial Circuit of Florida, in and for Volusia County, and to do and perform all matters and things necessary to be done and performed by the State Attorney of the Seventh Judicial Circuit of Florida, and he, the said J. C. Adkins, under and by virtue of the authority hereof, and of the law, is hereby vested with all and singular the powers and prerogatives conferred by the Constitution and laws of Florida upon State Attorneys officiating by virtue of an order of the Governor." (Italics supplied.)

On the 17th day of April, 1936, the said J. C. Adkins nolle prossed the six informations pending against Howard Armstrong, and on the same day filed in said court six informations against said petitioner. Informations, Series Three, attempted to charge the same felonies as were attempted to be charged by Informations, Series One and Two, and Informations, Series Three, are the informations now involved in the case of Howard Armstrong v. Stone, Sheriff.

On said 17th day of April, 1936, said J. C. Adkins nolle prossed the thirteen informations pending in said court against E. H. Armstrong and the other petitioner mentioned in the first case described above, also including as a defendant one J. B. Kahn, and on the same day filed in said court thirteen informations against E. H. Armstrong and the other petitioner, mentioned in the first case described above, omitting, however, from said informations the former defendant, J. B. Kahn, and being thirteen of the informations now involved in the case of E. H. Armstrong, *et al.,* v. Stone, Sheriff, now pending in this Court, and being marked on the copies in said case as Informations "AA" to "MM."

On the 17th day of April, 1936, said J. C. Adkins nolle prossed the information pending in said court against M. S. Couch and E. H. Armstrong, and on the same day filed an information against said M. S. Couch and said E. H. Armstrong, said Information "OO," Series Two, attempting to charge the same felony as Information "OO," Series One, Series Two being the information marked "OO," now involved in the case of E. H. Armstrong, *et al.,* v. Stone, now pending in this Court.

On said 17th day of April, 1936, said J. C. Adkins filed in said Circuit Court an information against petitioner F. R. Mills. As indicated by the series, this information was the first information filed attempting to charge the offense described therein, but the defendant F. R. Mills was and is the identical F. R. Mills named as a defendant in informations filed in said court and designated as Informations "AA" to "MM," Series One, and "AA" to "MM," Series Two.

When the proceedings of April 17th were concluded, there were twenty-one informations pending in the Circuit Court of Volusia County, Florida, against the petitioners,

six informations against Howard Armstrong, each attempting to charge a felony, being the six informations involved herein; and fifteen informations against E. H. Armstrong and his co-defendants, being the fifteen informations involved in this Court.

It further appears from the pleadings in this case that the executive order of the Governor dated March 26, 1936, designated, assigned and appointed said J. C. Adkins "to proceed to DeLand, in the County of Volusia, in the State of Florida, and thereupon, on Monday, the 13th day of April, A. D. 1936, *and as long as may be necessary thereafter, on account of the absence of the resident State Attorney,* to officiate as State Attorney of the Seventh Judicial Circuit of Florida, in and for Volusia County;" that said State Attorney of the Seventh Judicial Circuit, to-wit, Murray Sams, had been designated, assigned and appointed by a similar executive order to proceed to Macclenny, in the County of Baker, in the State of Florida, and thereupon, on Monday, the 13th day of April, A. D. 1936, and continuing through the regular term of said court, to discharge the duties of State Attorney of the Eighth Judicial Circuit of Florida, in and for Baker County; that said spring term of said Circuit Court of said Baker County convened on Monday, the 13th day of April, 1936, completed its work and adjourned for the term on Tuesday, the 14th day of April, 1936; that said Murray Sams completed his labors as State Attorney of the Eighth Judicial Circuit of Florida, in and for Baker County, on said 14th day of April, 1936, and returned to said Volusia County in said Seventh Judicial Circuit of Florida, and was in said Circuit on said 14th day of April, 1936, and continuously thereafter for a long time subsequent to the date of the filing of said informations, to-wit, April 17th, 1936; and said Murray Sams was during all of said time able, ready and willing to

discharge the duties of State Attorney of said Seventh Judicial Circuit, and was not on any of said days in any way disqualified or incompetent to represent the State of Florida in the investigation, examination of witnesses, or the filing of any and all informations required by the evidence and the law, and in all other official activities as State Attorney, in respect to all the matters and things embraced and embodied in each and every of said informations, such presence in the Circuit and such qualification to act existing specifically on the 17th day of April, 1936, the day on which said informations were filed.

It thus appears that even if the executive order of the Governor, dated March 26, 1936, was originally sufficient for the period limited therein, to authorize said State Attorney of the Eighth Judicial Circuit to file informations in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, the authority and jurisdiction thus attempted to be vested had by the terms of the order expired and ceased on and before April 17th, 1936, by reason of the expiration of the condition and fact upon which said order was predicated, to-wit: "the absence of the resident State Attorney." It therefore follows that the Hon. J. C. Adkins, State Attorney of the Eighth Judicial Circuit, was without authority to file the informations involved in these cases on April 17, 1936, and said informations are therefore null and void.

The result is that the allegation of the petitions for these writs of habeas corpus, to the effect that these petitioners were illegally restrained of their liberty, was well founded, and that each and all of the petitioners were and are entitled to judgments discharging them from custody, which judgments will be entered forthwith.

It is so ordered.

624

WHITFIELD, P. J., and CHAPMAN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.