GEORGE L. JOHNS v. STATE.

197 So. 791
Division B
Opinion Filed September 20, 1940

258.

*J. L. Blackwell* and *G. Warren Sanchez,* for Appellant;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Appellee.

BROWN, J.—This is an appeal from a judgment of conviction on the fourth count of an information which was filed in the Circuit Court of the Third Judicial Circuit in and for Suwannee County on November 13, 1939, at the regular fall term of said court. The information was signed by O. C. Parker, Jr., "State Attorney of the Second Judicial Circuit of the State of Florida prosecuting in the Third Judicial Circuit of the State of Florida under authority of assignment order of the Governor of the State of Florida." In the body of the information it is recited that Mr. Parker

was acting "under authority of an assignment order made by the Honorable Fred P. Cone, as Governor of the State of Florida, dated the 8th day of November, A. D. 1939, same being recorded in the minutes of this Court in full, reference to which is hereby made for all purposes whatsoever," etc.

The Governor's order of assignment was not included in the transcript of record which was filed in this Court. by the appellant, but upon the date of the oral argument herein; on July 25, 1940, a certified copy of the assignment order was filed with this Court by counsel without objection. After setting forth the Governor's order, signed by the Governor and attested by the Secretary of State, under the seal of the State, the clerk of the circuit court certifies that said instrument is duly rceorded in the circuit court minutes record 8 at page 4, and then follows this language: "Witness my hand and the seal of said court this 9th day of November and actually recorded as of November 13, 1939, by order of the court." This certificate was signed by the clerk by a deputy clerk.

Then follows a second certificate by the clerk signed on July 24, 1940, certifying "the foreging is a true and correct copy of said order as the same appears in the files of this office and as recorded in circuit court minutes 8 at page 4."

The Governor's assignment order begins by saying: "Whereas, for good and sufficient reasons made known to me, I think that the ends of justice would be best subserved by assignment of another State Attorney to discharge the duties of State Attorney of the Third Judicial Circuit at the regular term of circuit court in and for Suwannee County in said circuit, herein specified;" and then the executive order goes on to assign, authorize and empower Hon. O. C. Parker, Jr., State Attorney of the Second Judicial Circuit of the State of Florida to pro-

ceed to Live Oak in said county and State and thereupon at the regular term of the Circuit Court of the Third Judicial Circuit in and for Suwannee County beginning Monday, November 13, 1939, or as soon as said term shall commence, to discharge all and singular the duties of State Attorney of the Third Judicial Circuit of Florida in and for said county, in the place and stead of Hon. A. K. Black, State Attorney of said Third Judicial Circuit, and to do and perform all matters and things necessary or proper to be done and performed by the State Attorney of the Third Judicial Circuit at said term of court and vesting him with all and singular the powers and authority conferred by the Constitution and laws of Florida upon State Attorneys acting by virtue of an order of the Governor.

The first count of the information charges Carl Hurt with unlawful and felonious setting fire to and the burning of a dwelling house. The second count charges the appellant, George L. Johns, with having aided, counseled, hired and procured the said Carl Hurt to commit the said felony. The third count charges Carl Hurt with the unlawful, felonious and wilful setting fire to and burning a certain dwelling house, occupied by George L. Johns and several others, "the property, goods and chattels of George L. Johns and George C. Jackson" with the intent to injure and defraud the insurer, Firemen's Fund Insurance Company, a corporation; and the fourth count charges the appellant Johns as an accessory before the fact to the commission of the felony charged in said third count.

The appellant assigned four grounds of appeal, and is by the terms of the criminal procedure Act confined to those grounds. But in his brief counsel for appellant argues only two matters and both deal with the action of the trial court in overruling the motion to quash the information which is the first ground of appeal. The matters discussed in the

brief for appellant concern the validity of the information as sworn to by the assigned State Attorney, and the sufficiency of the information to charge an offense under the laws of this State. The third ground of appeal attacks the ruling of the court on the motion for a new trial. This motion contains four grounds, the third of which relates to the action of the trial court on the motion to quash, which is the only ground of the motion which has been argued in behalf of appellant.

In the able brief filed by counsel for appellant it is stated that the questions involved are such that they may be incorporated · in the argument in two parts; the first being that, as appellant contends, under the decisions of this court the information involved in this case is illegal, unconstitutional and void, because it was not filed by the prosecuting attorney of the court wherein the information was filed, it having been alleged in the motion to quash that the State Attorney for the Third Judicial Circuit "is and has been at all times, ready, willing, able and qualified to perform any and all duties of State Attorney in this case"; and the second division of the argument is based upon the contention that even if the information had not been filed by an improper officer, it is still unconstitutional and illegal and void because at the time of the entry and filing of the information in question there was not recorded in the minutes of the court an assignment order made by the Honorable Fred P. Cone, as Governor of the State of Florida, vesting authority in O. C. Parker, Jr., State Attorney for the Second Judicial Circuit, to prosecute and act in for the Third Judicial Circuit, as alleged in said information.

It is also contended elsewhere in the brief that the information is framed under the provisions of Section 7208 (7) Comp. Gen. Laws of Florida, Perm. Suppl. Vol. 6, and is defective because the information does not set forth that

the defendant after the fire made claim or demand for the insurance.

Taking up these contentions in their inverse order, our view is that the fourth count of this information was obviously drawn under Section 7208 (12) C. G. L. Perm. Suppl., as the information follows quite closely the language of said section, which section does not require that any claim shall have been made upon the insurer in order to render the defendant guilty, and it was therefore unnecessary for the information drawn under that section to allege that any such claim was made. Section 7208 (7) C. G. L. Perm. Suppl. was derived from Chapter 6858, Acts of 1915, while said Section 7208 (12) is Chapter 15602, Acts of 1931, a later Act, and hence, if there be any inconsistency between the two sections, it must be resolved in favor of the section last enacted. The dwelling house is alleged to have been the property of George L. Johns and George C. Jackson, and the crime is alleged to have been committed in the County of Suwannee. We do not think it can be successfully contended that the information was so vague as to subject the defendant to a second prosecution for the same offense, nor that the information did not sufficiently advise the defendant of the crime with which he was charged. The date of the crime is also alleged in the information.

Now, as to the contention of appellant that the order assigning the State Attorney to file the information was not recorded at the time the information was filed. It is not denied that the order was made by the Governor pursuant to Section 4743, C. G. L., or that the person assigned as a State Attorney was in fact a State Attorney of another circuit. The certified copy of the Governor's order which was allowed by this Court to be filed on the day of the oral

argument does not affirmatively show that the order was not in fact recorded in the minutes of the court at the time the information was filed by the assigned State Attorney. The statute is silent as to the necessity for the recording of the Governor's order of assignment, but it is the duty of the trial court to which the assigned State Attorney appears and claims the right to serve as State Attorney to satisfy itself that he was actually assigned by the Governor, and it would be advisable for the courts to require the order of assignment to be recorded in the minutes of the court, as is usually done in cases of this sort, by way of analogy to the holding of the court in the case of an assigned circuit judge (Realty Co. v. Fraleigh Smith Co., 90 Fla. 769, 107 So. 764), but the statute does not require it. Furthermore, this certified copy of the executive order shows that it was signed by the Governor and attested by the Secretary of State under the seal of the State, and this raises a presumption that such executive order was issued from the Secretary of State's office as is usually the case with executive orders of the Governor, and if this were done this Court might take judicial notice of an executive order so issued and attested. See State *ex rel.* Thompson v. Davis, 124 Fla. 592, 169 So. 199. However, the record here does not positively show that the original executive order was in fact filed or recorded in the office of the Secretary of State.

The certificate of the clerk affixed to the copy of the executive order filed in this Court certifies that it had been duly recorded in circuit court minutes, record 8 at page 4, and that it was actually recorded as of November 13, 1939 (the date on which the information was filed), by order of the Court. This certificate appears to have been made on November 9, but if the executive order was recorded on either November 9 or November 13, 1939, this would be

sufficient to meet the substance of the objections here raised, even admitting that such objections are well founded. The certificate of the clerk of the circuit court to the copy of the executive order raises the presumption that the trial judge on the first day of the term when the assignment order was presented to him, made a verbal order in open court that the same be recorded, and even if it was not actually recorded until several days later, this would not in our judgment make any material difference here. See Nichols v. Walton, 82 Fla. 385, 90 So. 157; Fiehe v. House-holder Company, 98 Fla. 627, 125 So. 20. Suffice it to say that here the record filed by appellant does not make it affirmatively appear that the order of assignment was not recorded prior to the filing of the information. The information which was sworn to by the assigned State Attorney expressly alleges that the Governor's order had been recorded in the minutes of the Court in full, and there is nothing in the record to rebut that statement.

We recur now to appellant's first and main contention in this case, which is that the information is unconstitutional and void because it was not filed by the prosecuting attorney of the court wherein the information was filed, to-wit: Hon. A. K. Black, State Attorney of the Third Judicial Circuit. The motion to quash the information alleged that it was made to appear from the face of the record that the State Attorney for the Third Judicial Circuit was unable by reason of absence, physical or mental infirmity, interest or otherwise to do and perform his constitutional duties in and about this cause but that *per contra* he was and is and has been at all times ready, able, willing and qualified to perform any and all such duties of such State Attorney, and has been prevented from doing so by the void and unconstitutional executive order assigning the State

Attorney from the Second Judicial Circuit of Florida, the substance of which order has been referred to in the commencement of this opinion. It is also alleged that the Governor was without constitutional or other valid authority to make such order assignment under the circumstances. The motion to quash was signed by the Attorneys for the defendant, appellant here, but was not sworn to. This part of the motion to quash, to the effect that the resident State Attorney was neither disabled nor disqualified, under our former practice, could only have been set up, if at all, by way of plea in abatement, duly sworn to, to which the State could either demur or file a traverse of the facts alleged, thus forming issues of law and fact which could have been tried out in due course before the trial court, but Section 138 of Chapter 19554, the Criminal Procedure Act of 1939, provides that all defenses heretofore available to a defendant by plea, other than pleas of *nolo contendere* and not guilty, shall hereafter be taken only by motion to quash the indictment or information whether the same relate to matters of form or substance, former acquittal, former jeopardy or any other defense which heretofore was raised by plea. This statute does not require that such motions to quash shall be sworn to, but we have held that where such a motion is based upon matters *in pais,* of which the defendant has personal knowledge, the same should be sworn to by the defendant. See State *ex rel.* Hancock v. Love, 197 So. 534, 143 Fla. 883. The transcript of record does not show that any testimony was adduced in support of the allegations of the motion to quash. It merely shows that the motion was overruled, and that defendants might ask for a bill of particulars as advised.

But for the purposes of this case we will assume that the facts alleged with reference to the resident State Attorney being present, able and willing to act, and not dis-

qualified, are true. The State offered no evidence to the contrary.

In support of their contention that the assigned State Attorney was without authority to file the information or to prosecute this case in the court below, counsel for appellant cite the following cases: State v. Butler, 70 Fla. 102; 69 So. 771. Stone v. State, 71 Fla. 514, 71 So. 634; Segars v. State, 94 Fla. 1128, 115 So. 537; State v. Botts, 101 Fla. 361, 134 So. 219; State ex rel. Ricks v. Davidson, 121 Fla. 196, 163 So. 588; Armstrong, et al., v. Stone, 130 Fla. 615, 178 So. 294.

The exact question here presented was not involved in any of the cases thus cited. Of the cases so cited, the case of Stone v. State is most clearly in point. But in that case this Court, in a carefully considered opinion by Mr. Justice WHITFIELD, unanimously upheld the constitutional validity of Section 2 of Chapter 5399, Acts of 1905, which now appears as Section 4743 of the Comp. Gen. Laws of 1927. That statute provides not only that the Governor can assign a State Attorney from one circuit to another in case the resident State Attorney is disqualified but it also provides that *"if for any reason the Governor of the State thinks that the ends of justice would be best subserved by an exchange of State Attorneys, the Governor may require an exchange of circuits or of courts in any of the counties of this State, between such State Attorneys and any other State Attorneys of the State, or may assign any State Attorney of the State to the discharge of the duties of State Attorney in any circuit of the State, at any regular or special term of the Circuit Court."* (Emphasis supplied.) Thus this statute authorizes the Governor to assign the State Attorney of one circuit to another circuit regardless of any failure of the regular State Attorney to be disqualified or otherwise disabled to perform his duties. Under the lan-

guage of Section 4743, it necessarily follows that the Governor is not only authorized by that statute to assign a State Attorney to prosecute in another circuit where a regular State Attorney is disqualified but that he can likewise assign an outside State Attorney to prosecute in such a circuit when he, the Governor, "thinks that the ends of justice would be best subserved" by so doing. If the Governor should abuse this power, by arbitrarily and without any reason whatsoever making such an assignment, it might be that his action could be inquired into by writ of quo warranto, but the statute does not require the Governor to state in his order the reason why he thinks that the ends of justice be best subserved by the making of the same. In the case of Stone v. State, *supra*, this Court said that the Constitution requires the appointment of "a State Attorney in every judicial circuit, whose duties shall be prescribed by law;" that thus the duties of a State Attorney are statutory, and that while under the Constitution there must be a State Attorney in each judicial circuit, the Constitution does not expressly or impliedly require the duties prescribed by law for such officer to be confined to the judicial circuit to which he is appointed, and that consequently the Legislature had authority to enact the statute under which the Governor acted in this case. It is also observed in that case that the *jurisdiction* of circuit judges is defined in the Constitution, while the *duties* of State Attorneys are expressly required to be prescribed by law, and that the Constitution makers may have considered it appropriate to provide in the Constitution for an exchange of circuit judges, while the nature and extent of the duties of state attorneys and the territorial limits within which they are to be performed could appropriately be left to the Legislature, and that therefore the statute in question is

not in conflict with organic law. It is also observed in the opinion in that case that:

"The above discussion may not be necessary since the State Attorney holding an office named in the Constitution, was acting under color of authority and the rule is that when it appears that a person exercising the powers or duties of an office named in the Constitution does so by virtue of a recognized color of right, his acts, as to third persons, are valid, and his right to exercise the duties of the office can be authoritatively inquired into only in some direct proceeding for that purpose. See State *ex rel* Attorney General, v. Gleason, 12 Fla. 190, Text 232."

See also Sawyer v. State, 94 Fla. 60, 113 So. 736.

In the well prepared brief of the Assistant Attorney General, the case of Hall v. State, 136 Fla. 644, 187 So. 392, is cited as being still more closely in point. In that case Hon. 'L. Grady Burton was assigned by the Governor under an order similar to the one in the instant case except that the order recited the disqualification of the resident State Attorney. The authority of the Governor to assign State Attorneys was quite fully discussed in the cited case, wherein among other things it was said:

"In considering this question, we should bear in mind that a State Attorney in this State is not merely a prosecuting officer in the circuit in which he is appointed; he is also an officer of the State in the general matter of the enforcement of the criminal laws, subject to assignment by the Governor to any county in any circuit of the State under Section 4743, Compiled General Laws. It is the State, and not the county, that pays his salary and official expense. He could never properly appear in the circuit court of some other circuit in the State and defend a person charged with committing a crime in such other circuit. While, under

the Constitution, there must be 'a State Attorney in each judicial circuit,' the Constitution does not expressly or impliedly require the duties 'prescribed by law' for such officer to be confined to the judicial circuit in which he is appointed. Stone v. State, 71 Fla. 514, 71 So. 634."

It is true that in the Hall case the Governor in assigning the non-resident State Attorney expressed as a reason for making the assignment that the regular State Attorney was disqualified, but it must be remembered that this same statute also provides that the Governor may make such an assignment "if for any reason the Governor of the State thinks that the ends of justice would be best subserved," by requiring an exchange of State Attorneys, or an exchange of circuits or courts, "or may assign any State Attorney of the State to the discharge of the duties of State Attorney in any circuit of the State, at any regular or special term of the circuit court." Thus Section 4743 lays down two bases upon which the Governor can assign a State Attorney to act in another circuit. These two separate and distinct bases or reasons upon which the Governor must rest such an assignment are the disqualification of the regular State Attorney, or when for any reason the Governor thinks that thereby the ends of justice would be best subserved. They are made of equal importance by the language of the section and the Governor may make the assignment if either exists. It cannot be said from the language of the statute that the Legislature intended that both should exist before an assignment of a State Attorney could be made, though it is quite possible that in some cases both such bases for action might exist.

In view of the importance of this question we have seen fit to thus consider the same at some length, but in the light of what was said in the Stone case, *supra,* and in State

*ex rel* Attorney General v. Gleason, 12 Fla. 190, text 232, it may well be that the defendant in the court below could only have raised this question of the authority of the assigned State Attorney to act by a direct proceeding in quo warranto. However, from either view that might be taken of the question here presented, we are clearly of the opinion that the court did not err in overruling the motion to quash the information in the instant case.

Having considered all those questions which are argued in behalf of appellant, we will treat the other grounds of the appeal as having been abandoned.

The judgment appealed from is therefore affirmed.

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.