277 So.2d 260 (1973)
The WILLISTON HIGHLANDS DEVELOPMENT CORPORATION, a Florida Corporation, and Norservice, Inc., a Rhode Island Corporation, Appellants,
v.
R.D. HOGUE and His Wife, Maggie D. Hogue et al., Appellees.
No. 42800.
Supreme Court of Florida.
May 2, 1973.
Charles R. Rowe, Homestead, for appellants.
Thomas A. Clark, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellees.
ROBERTS, Justice.
This appeal has been transferred to us by the District Court of Appeal, First District, pursuant to Florida Appellate Rule 2.1, subd. a(5), 32 F.S.A. The decision of the Circuit Court of Levy County sought to be reviewed holds Florida Statute § *261 704.05,[1] F.S.A., unconstitutional, thereby vesting jurisdiction in this Court under Section 3 of Article V of the Florida Constitution, F.S.A. See P.C. Lissenden Co. v. Board of County Commissioners, 116 So.2d 632 (Fla. 1959); DeJong v. Pallotto, 239 So.2d 252 (Fla. 1970).
On January 18, 1972, appellants filed suit in Levy County Circuit Court against appellees alleging that appellants were seized and possessed of fee simple title to certain described property based upon a warranty deed from Frederick Hyman to Williston Highlands Development Corporation and Norservice, Inc., which deed was filed February 18, 1970, and that the original easements or rights-of-entry, for the purpose of mining, drilling, exploring, or developing the lands being the subject matter of this suit, through which the appellees claimed easements or rights-of-entry for the purpose of mining, drilling, exploring, or developing said lands, have been of record for a period of time exceeding but not less than twenty years prior to the filing of this complaint. Appellants by their complaint sought the trial court to grant a decree of injunction as to each and every one of the appellees perpetually enjoining and restraining them, from ever in any way asserting or claiming any easements or rights-of-entry for the purpose of mining, drilling, exploring, or developing said lands, adverse to the title of Plaintiffs, and that said appellees be perpetually enjoined and restrained from in any way disturbing the possession, enjoyment, use, title, or interest in said lands by Plaintiffs. By virtue of Florida Statutes, Section 704.05, F.S.A., appellants contended that they were entitled to the entry of a decree forever clearing and confirming the removal of the aforesaid rights-of-entry and easements on their title.
To the complaint, appellees filed their motion to dismiss alleging that Section 704.05, Florida Statutes, F.S.A., was unconstitutional because it violated several enumerated provisions of the Florida Constitution and the Constitution of the United States.
The trial court granted the motion to dismiss and explicitly declared Section 704.05 to be unconstitutional because it impairs contracts in existence, deprives property owners of their property without due process, and of their inalienable right to process and protect their property in violation of both the Federal and Florida Constitution.
This Court's very recent decision in Trustees of Tufts College v. Triple R. Ranch, Inc. et al., 275 So.2d 521, filed March 21, 1973, wherein this Court succinctly opined that Section 704.05 would not be given retroactive application is clearly dispositive of this cause presently before us.
It is a fundamental principle that Courts will not pass upon the validity of a statute where the case before them may be disposed of upon any other ground. Mounier v. State, 178 So.2d 714 (Fla. 1965).[2]
*262 Although the trial court has expressly passed upon the validity of the statute in question, such determination was not required for the disposition of this litigation and therefore, we do not reach the issue of the constitutionality vel non of the Florida Statutes 704.05, F.S.A., at this time. DeJong v. Pallotto, 239 So.2d 252 (Fla. 1970). This result does not, however, divest this Court of jurisdiction under the Constitution and we will retain jurisdiction to dispose of the entire matter. Mounier v. State, supra, P.C. Lissenden Co., Inc. v. Board of County Commissioners of Palm Beach County, supra. That portion of the judgment of the trial court which purported to pass upon the validity of the cited statute is obiter dictum and premature, and unnecessary.
In Lissenden, supra, regarding our retention of jurisdiction of the cause irrespective of the necessity to actually reach the constitutional question this Court said:
"The Court has reached the conclusion that the language of the Constitution confers upon a litigant in the trial courts of this state the right to appeal to the Supreme Court an adverse final judgment or decree such as that here involved which on its face passes upon the validity of a state statute, and that when that right is exercised by the litigant then this Court, under the cited provision of the Constitution, has jurisdiction of and should determine the appeal even though in its consideration of the case it is decided that the action of the trial court, in passing upon or expressing an opinion upon the jurisdictional issue of statutory validity, was unnecessary to the disposition of the cause. The reasoning and practical analysis supporting this conclusion have been carefully examined in cases arising under similar constitutional requirements. The widely endorsed principle that the constitutional or statutory issue must be an essential element in the litigation, in order to support appellate review on this ground, is thus a prima facie test, the ultimate requirement being that there should exist a genuine issue, fairly and in good faith presented, as to the validity of the statute in controversy and its applicability in the case under consideration. Upon appeal from a judgment rendered in this situation, an exercise of the constitutional jurisdiction of this Court is necessarily involved whether or not the view of the trial court on the point is sustained. Universally recognized principles of appellate review then require that a court, exercising jurisdiction over a cause to this extent, should proceed to dispose of all questions properly presented in the appeal. Moreover, the efficient and speedy administration of justice is thereby promoted, and any part of the opinion in the Carroll case, supra, which may be construed to be in conflict with these conclusions is receded from."
Since we have held that Florida Statute 704.05, F.S.A., does not operate retrospectively, (see Trustees of Tufts College v. Triple R. Ranch, etc.), the decision reached below was correct for that reason insofar as the granting of appellees motion to dismiss and the judgment entered thereon.
Accordingly, that portion of the judgment of the trial court holding the act unconstitutional is expunged, and the portion dismissing the complaint is affirmed.
It is so ordered.
CARLTON, C.J., and ADKINS, McCAIN and DEKLE, JJ., concur.
ERVIN, J., dissents with Opinion.
BOYD, J., dissents.
ERVIN, Justice (dissenting).
I dissent for the reasons expressed in my dissent in Trustees of Tufts College v. Triple R. Ranch, Inc., Fla., 275 So.2d 521, filed March 21, 1973.
NOTES
[1] Florida Statutes, Section 704.05, F.S.A., which became effective October 1, 1970 provides, "704.05 Easements and rights of entry.  (1) The rights of entry, or of an easement, given or reserved in any conveyance or devise of realty, when given or reserved for the purpose of mining, drilling, exploring, or developing, shall be limited to a twenty year period beginning with the recording of such conveyance or devise if such rights are not exercised during this twenty year period.

(2) After the twenty year period has expired, the owner of such property may file a suit in the circuit court of the county in which the property is located, and upon such procedure as used in quieting title the court shall, upon proof of the nonexercise of such rights and the expiration of the twenty year limitation, enter a decree forever clearing and confirming the removal of said rights from the title to the said real estate."
[2] Also see: Frazier v. Coleman, 156 Fla. 413, 23 So.2d 477 (1945); Economy Cash & Carry Clearners v. Cleaning, Dyeing & Pressing Board, 128 Fla. 408, 174 So. 829; Armstrong v. Stone, 130 Fla. 615, 178 So. 294.