QUESTION:
Do the provisions of s. 704.05, F.S., extinguishing certain mineral and subsurface rights, prevent the separate assessment of such rights conveyed and transferred more than twenty years prior to the enactment of s. 704.05?
SUMMARY:
Section 704.05, F.S., created by Ch. 70-100, Laws of Florida, effective October 1, 1970, is only prospective in application. A tax assessor should separately assess severed oil, gas, and mineral rights pursuant to s. 193.481, F.S., as such subsurface mineral rights appear on the public records.
Your question is answered in the negative.
A mineral right deed executed on November 10, 1945, and recorded December 5, 1945, conveying and transferring an undivided interest, subject to any outstanding mineral and oil leases, in certain oil, gas, and other minerals together with the right of ingress and egress and possession for purposes of mining and producing the described minerals, was submitted with your opinion request.
Section 704.05, F.S., brought forward from Ch. 70-100, Laws of Florida, effective October 10, 1970, limits the rights of entry, or of an easement, given or reserved in any conveyance or devise of realty for the purpose of mining, drilling, exploring, or developing to a twenty-year period commencing with the date of recordation, if such rights are not exercised during such twenty-year period. The owner of the land may, upon the grantee's nonexercise of such rights and the expiration of twenty years, file suit to clear and confirm the removal of such rights from the title to the land. In AGO 071-134 I responded to a similar question and concluded:
"Until such time as the written confirmation of the expiration of an easement or right of entry is acquired as provided by law [court decree], the tax assessor should assess all of such rights which are subject to assessment as they appear on the public records of his county, as provided in s. 193.481, F.S. (1970 Supp.). * * * * * [T]he provisions of Ch. 70-100, Laws of Florida, do not invalidate a separate mineral rights assessment which is a part of the county tax roll. . . ."
The Florida Supreme Court recently considered the applicability of s. 704.05, F.S., to severed mineral right conveyances and transfers made before the effective date of Ch. 70-100, supra, in Trustee of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521
(Fla. 1973) and Williston Highlands Development Corp. v. Hogue,277 So.2d 260 (Fla. 1973), and concluded that s. 704.05 should not be applied retrospectively. The mineral right deed submitted with your inquiry having been recorded on December 5, 1945, s. 704.05
is not applicable to the facts in the instant case. Therefore, assuming all other requirements of s. 193.481, F.S., are satisfied, a tax assessor should separately assess all of such subsurface mineral rights, which are subject to assessment, as the same appear on the public records. Attorney General Opinion 071-149.