HATCHETT, Justice
(concurring).
With difficult constitutional questions in the background, I am reluctant to reach the merits, because I am convinced the order appealed here was improper, as a procedural matter. The petition for writ of habeas corpus alleged that appellee Lee was illegally detained “pursuant to the provisions of the unconstitutional Statute, F.S. § 949.10, et seq. . . . which provides that the subsequent arrest on a felony charge in this State of [a parolee] shall be prima facie evidence of the violation of the terms and conditions of . . . parole.” In denying the ha-beas petition on the ground that Lee’s detention was authorized on another basis, a conclusion which has not been questioned here, the trial court nonetheless declared Fla.Stat. §§ 949.10-12 (1973) unconstitutional and enjoined appellant commission from applying the statutes in any pending or future cause. This was not a class a'ction; Lee was the sole habeas petitioner, and he sought release from custody, plain and simple. The pleadings will not support this unsolicited grant of habeas and declaratory relief to non-litigants, in my opinion.
As for Lee himself, the question of the validity of the statutes is mooted by the uncontroverted finding of another, independent, lawful basis for his detention. The issue in the present case is one of pure custody. Since the lawfulness of that custody is not in dispute, only academic questions remain. (The rule is otherwise where a conviction assailed collaterally is only one of multiple bases for detention, Lawson v. State, 231 So.2d 205 (Fla.1970), but a judgment of conviction entails many indirect consequences, which mere custody does not involve.) The trial court did not need to pass upon the validity of the statutes, in order to dispose of the cause before it, and the “portion of the judgment of the trial court which purported to pass upon the validity of the cited statute [s] is obiter dictum and premature and unnecessary.” Williston Highlands Development Corporation v. Hogue, 277 So.2d 260, 262 (Fla. 1973).