The Honorable George Firestone Secretary of State The Capitol Tallahassee, Florida 32301
Dear Secretary Firestone:
This is in response to your request for my opinion on substantially the following question:
 ARE STATE ATTORNEYS, PUBLIC DEFENDERS, AND CIRCUIT COURT JUDGES "STATE OFFICERS," "COUNTY OFFICERS," OR "DISTRICT OFFICERS" FOR PURPOSES OF s 100.041, F.S., AS AMENDED BY CH. 85-226, LAWS OF FLORIDA?
According to your letter the Division of Elections of the Department of State has, pursuant to s 100.041, F.S., as amended by s 14, Ch. 85-226, Laws of Florida, begun to classify the offices affected; however, the division is uncertain as to the proper classification of certain offices. Section 100.041, F.S., formerly provided that the terms of elected state, county and district officers were to commence on the first Tuesday after the first Monday in January following such officer's election, unless otherwise provided by law, except as to members of the Legislature whose terms begin upon election. As amended, however, the statute now provides for state officers' terms to begin on the first Tuesday after the first Monday in January following their election, except as to members of the Legislature, while the term of office of each county and each district officer not otherwise provided by law shall commence on the second Tuesday following his election, except for the term of office for county tax collectors, whose terms shall commence on the first Tuesday after the first Monday in January following election. The statute provides no definition for "state officers," and, in attempting to determine which officers fall within the classification of "state officers," you request this office's opinion as to whether the offices of state attorney, public defender, and circuit court judge, are state offices.
Generally, a state officer is an officer whose duties and powers are coextensive with the territorial limits of the state. State ex rel. Attorney General v. Burns, 21 So. 290, 295 (Fla. 1896); AGO's 85-94 and 84-21. It has also been suggested, however, that an additional indication that a particular officer is a state officer is the payment of compensation by the state. See, Jackson v. State, 71 So. 332, 333 (Fla. 1916). Cf., s 110.123(2)(h), F.S. (1984 Supp.) (" `State officer' means . . . any elected state officer paid by state warrant"). The same case authorities define county officers as those officers whose territorial jurisdiction for the exercise of duties and powers is confined to the limits of the county. Similarly, it would appear that a district officer's jurisdiction would be coextensive with the limits of the district. The term "district" has been defined as meaning a division of territory made for administrative, electoral, or other purposes. 27 C.J.S. District, p. 618. While judicial circuits in Florida may be said to be "districts" in the most general sense of the term, neither the Florida Constitution nor any statutory law of which I am aware applies the term "district" in its technical sense to judicial circuits. See, s 1, Art. V, State Const.; Ch. 26, F.S.
It has been specifically held by Florida courts that a state attorney is "an officer of the state." Johns v. State,197 So. 791, 796 (Fla. 1940); Hall v. State, 187 So. 392, 398 (Fla. 1939) (noting that the state attorney's salary is paid by the state); Taylor v. State, 38 So. 380, 384 (Fla. 1905). This office has stated that the state attorney is a state officer. See, AGO 75-111. Payment of the state attorney's salary and expenses is borne by the state, and payment of supplemental salary to the state attorney by any county or municipality is specifically prohibited by law. See, s 27.34, F.S. See also, s 43.16(5)(c), F.S., as amended by Ch. 85-332, Laws of Florida (budget requests from state attorneys' offices presented to Legislature by Judicial Administrative Commission). Moreover, while the territorial jurisdiction of the state attorney for any particular judicial circuit is normally restricted to the limits of such circuit, see, s 17, Art. V, State Const., the state attorney may be authorized to exercise his jurisdiction in any judicial circuit of the state at the direction of the Governor. See, ss 27.14 and 27.15, F.S.
There is less authority as to the status of the office of public defender as either a state, a county or district office. However, it would appear that the public defender should be considered to hold the same status as the state attorney, inasmuch as the public defender's powers and duties mirror those of the state attorney in many ways. See, e.g., s 18, Art. V, State Const. (public defender elected in each judicial circuit); s 27.54, F.S. (supplemental salary from county or municipality prohibited except as specifically authorized by law); s 43.16(5)(c), F.S., as amended (budget requests presented to Legislature); and s 27.53(3), F.S. (public defender may be assigned by judge to duties in another circuit).
With respect to circuit court judges, this office has stated that such judges are state officers. See, AGO 70-167. Such judges shall be compensated only by state salaries fixed by general law. Section 14, Art. V, State Const. Moreover, such judges may be assigned to temporary duty in any court for which the judge is qualified and, thus, may be authorized to exercise jurisdiction in any circuit in the state. See, s 2(b), Art. V, State Const. The Constitution further specifies that jurisdiction of circuit courts "shall be uniform throughout the state." Section 5(b), Art. V, State Const. Accordingly, a circuit judge, even though restricted to sitting in a particular circuit, may hear and decide cases and controversies arising anywhere in the state in the absence of objection on grounds of improper venue. See, In re Mickler's Guardianship, 163 So.2d 257 (Fla. 1964) (distinguishing between jurisdiction and venue); Inverness Coca-Cola Bottling Company v. McDaniel, 78 So.2d 100 (Fla. 1955) (venue may be waived without affecting jurisdiction of court to decide the matter). Cf., s25.382, F.S. (state courts system means, inter alia, officers of circuit courts).
The foregoing authorities all suggest the conclusion that, for purposes of s 100.041, F.S., as amended by Ch. 85-226, Laws of Florida, state attorneys, public defenders, and circuit court judges are state officers. Finally, I am persuaded that such officers are indeed "state officers" by several statutory classifications as to which public officers are "state officers" for various purposes which expressly refer to state attorneys, public defenders, and circuit judges as such state officers. Section 101.151(3)(a), F.S., requires the names of candidates for the offices of state attorney and public defender to be listed on the general election ballot under the heading "State." And see, s 101.141(4), F.S., providing likewise for primary elections. Section 112.192, F.S. (1984 Supp.), creates a State Officers' Compensation Commission to study and report on the salaries of, inter alia, "judges of the circuit court." But see, s 6, Ch. 84-254, Laws of Florida, deleting state attorneys' and public defenders' salaries from the scope of the commission's authority. Section 121.052(1)(b), F.S. (1984 Supp.), establishes an "Elected State Officers' Class" for purposes of the Florida Retirement System and expressly includes within such class the offices of "circuit judge, state attorney, [and] public defender. . . ." Cf., AGO 79-89 (state is public defender's employer for purposes of contribution to Florida Retirement System). The Legislature is presumed to have enacted a statute with knowledge of prior existing laws and judicial construction thereof. Ford v. Wainwright, 451 So.2d 471 (Fla. 1984); State v. Dunmann,427 So.2d 166 (Fla. 1983); Williams v. Jones,326 So.2d 425 (Fla. 1975), app. dismissed,429 U.S. 803 (1976). Accordingly, I am of the view that, in enacting s 14 of Ch. 85-226, supra, referring to the commencement of the terms of "state officers," the Legislature intended that such classification include state attorneys, public defenders, and circuit court judges.
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that state attorneys, public defenders, and circuit court judges are "state officers" for purposes of s 100.041, F.S., as amended by Ch. 85-226, Laws of Florida.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General