539 So.2d 503 (1989)
Joyce DYKES, Appellant,
v.
QUINCY TELEPHONE COMPANY, a Florida Corporation, Appellee.
Larry ZEIGLER, Appellant,
v.
Quincy TELEPHONE COMPANY, a Florida Corporation, Appellee.
Nos. 88-399, 88-274.
District Court of Appeal of Florida, First District.
February 15, 1989.
Paul D. Srygley of Caminez, Syrgley, Brown & Walker, Tallahassee, for appellants.
Blucher B. Lines of Lines, Hinson and Lines, Quincy, for appellees.
ERVIN, Judge.
These two employment discrimination cases are before us for review of summary judgments granted in favor of Quincy Telephone Company. Although the cases are based upon slightly different factual scenarios, they raise identical legal issues and are therefore consolidated for the purpose of this opinion. We hold that the hearing officers' recommended orders submitted by Quincy Telephone in support of its motions *504 for summary judgment were inadmissible evidence which should not have been considered by the lower court in determining the disposition of the motions.
Both cases were originally commenced by appellants filing complaints with the Commission on Human Relations. Appellant Zeigler alleged that Quincy Telephone had terminated his employment based upon his race (black), in violation of the Human Rights Act of 1977, Sections 760.01-760.10, Florida Statutes (1983). Dykes contended that she was unlawfully discharged because of physical handicap. Initial determinations of no discrimination were subsequently entered by the Commission. Both appellants thereafter filed petitions for hearings with the Division of Administrative Hearings. After the completion of the evidentiary hearings, pursuant to the procedure provided in Chapter 120, Florida Statutes (1983), recommended orders of dismissal were entered, but, prior to final agency action in both of the above cases, appellants filed complaints in circuit court, pursuant to the authority of section 760.10(12), allowing an aggrieved party to bring an action in circuit court, upon the agency's failure to achieve resolution of the dispute through conciliation or final agency action within 180 days from the filing of the complaint. The statute specifically provides that "[t]he commencement of such action ... divest[s] the commission of jurisdiction of such complaint... ." § 760.10(12), Fla. Stat. (1983).
Quincy Telephone thereafter filed motions for summary judgment in both cases. Attached to each motion was a certified copy of the hearing officer's recommended order of dismissal. The recommended orders recited at length factual findings relating to the appellants' discharges, which supported the hearing officers' recommended conclusions that neither appellant had been discriminatorily discharged. Following the hearings, the trial court entered final summary judgments against both appellants, finding that the recommended orders were admissible evidence, that they were reliable, that Quincy Telephone had met the burden required of it for summary judgment, and that appellants, by not submitting any evidence in opposition to the motions, had failed to demonstrate the existence of any disputed material issues, thereby making summary judgment appropriate under the circumstances.
Appellants argue that the recommended orders were inadmissible evidence. We agree that the disputed evidence was clearly hearsay[1] because it was offered by the employer as proof of the matters asserted in its motions: that appellants were discharged from their employment, because of the facts as set forth in the orders. We note initially that the orders which the trial court relied upon were only recommended orders  not final. If they had been made final, they could then be considered matters that may be judicially noticed under Section 90.202(5), Florida Statutes (1983), relating to the official actions of the legislative, executive, and judicial departments of the state.[2]Cf. Johns v. State, 144 Fla. 256, 197 So. 791, 794 (1940) (executive order of the Governor could properly be judicially noticed as evidence, although, for reasons not relevant here, it was not admitted in the Johns case). Because the orders at bar were not final, and entered by hearing officers of the Division of Administrative Hearings, the only conceivable basis on which they could be admitted into evidence is pursuant to the provisions of Section 90.803(8), Florida Statutes (1983), authorizing the admission of public records under the following circumstances:
(8) PUBLIC RECORDS AND REPORTS.  Records, reports, statements *505 reduced to writing, or data compilations, in any form, of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to matters which there was a duty to report, excluding in criminal cases matters observed by a police officer or other law enforcement personnel, unless the sources of information or other circumstances show their lack of trustworthiness.
In our view, the recommended orders do not fall within the category of public records addressed by the statutory exception.[3] Although the definition of agency under Section 120.52(1), Florida Statutes (Supp. 1984), is certainly broad enough to include as an agency the Division of Administrative Hearings, we note that the Division is separately defined under section 120.52(6). Thus, we find nothing within the structure of Chapter 120 which would lead us to the conclusion that the Division, when acting as an adjudicative body, is a public agency for the purpose of section 90.803(8), regarding "matters observed pursuant to duty imposed by law as to matters which there was a duty to report."
The powers and responsibilities of the hearing officers of the Division of Administrative Hearings are set forth under Sections 120.57 and 120.65, Florida Statutes (1983 & Supp. 1984). Particularly applicable to the instant case is the power of the hearing officer to conduct a section 120.57(1) formal hearing, and to complete and submit to the agencies and all parties a recommended order, which consists of its findings of fact, conclusions of law and recommended penalty. Thus, the Division, in carrying out its responsibilities under section 120.57, acts primarily as a quasi-judicial body, but without the policy-making functions normally ascribed to an administrative agency. Contrast the facts at bar with those in Desmond v. Medic Ayers Nursing Home, 492 So.2d 427 (Fla. 1st DCA 1987) (on rehearing), in which this court held admissible, pursuant to section 90.803(8), a report prepared by an epidemiologist, noting that the report was admissible pursuant to the public records exception to the hearsay rule, since it was prepared pursuant to a statutory duty, requiring the Department of Health and Rehabilitative Services to conduct annual inspections of nursing homes. We are therefore of the view that the Division is not an agency within the meaning of section 90.803(8);[4] consequently the Division's order should not have been admitted into evidence.
In addition, nonfinal orders are also inadmissible under Federal Rule of Evidence 803(8), after which section 90.803(8) has generally been patterned,[5] because said orders lack trustworthiness. For example, in Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F. Supp. 1125, 1147 (E.D.Pa. *506 1980), aff'd in part, rev'd in part, sub nom. In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238 (3d Cir.1983), the court, in evaluating the trustworthiness provision of rule 803(8)(C), observed that one of the criteria pertinent to such a determination is "[t]he extent to which the findings are a function of an executive, administrative, or legislative policy judgment (as opposed to a factual adjudication) or represent an implementation of policy." In the instant case, the Division's recommended order is merely a proposed factual adjudication; it is not the implementation of policy.
The summary judgment is reversed and the case remanded for further consistent proceedings.
WENTWORTH, J., concurs.
ZEHMER, J., concurs with opinion.
ZEHMER, Judge (concurring).
I concur in reversing the judgment on grounds that the hearing officer's recommended order constituted inadmissible hearsay and thus could not support the summary judgment entered by the court below. In addition, however, I believe that the statutory scheme precludes reliance on any part of the administrative proceeding that did not become final before expiration of the statutory period.
Section 760.10(12) has not been previously construed in an appellate opinion to my knowledge. That section states:
(12) In the event that the commission fails to conciliate or take final action on any complaint under this section within 180 days of filing, an aggrieved person may bring a civil action against the named employer, employment agency, labor organization, or joint labor-management committee, or, in the case of an alleged violation of subsection (5), the person, in any court of competent jurisdiction. The commencement of such action shall divest the commission of jurisdiction of such complaint, except that the commission may intervene as a matter of right.
This language is unmistakably clear. Failure of the commission to take final action on any complaint within 180 days of filing causes the commission to lose all jurisdiction over the complaint when the employee files a cause of action in circuit court to enforce his statutory rights. Since the court action cannot be filed until the commission fails to enter a final order within 180 days, that action must proceed totally unencumbered by anything that happened during the attempts in the administrative proceeding to conciliate or resolve by final order the dispute between the employee and the employer. Under this construction of the statute, proposed findings of fact not incorporated in a final agency order could not be given any effect in the circuit court action.[1]
In the present case, the only evidence before the circuit judge consisted of a copy of the hearing officer's recommended order, which had not been reviewed by the agency and reduced to final order. No one in a responsible capacity, therefore, had ever passed on the sufficiency of the evidence to support the recommended findings of fact. The record of the administrative proceedings before the court below did not contain the testimony and evidence considered by the hearing officer in arriving at his recommended findings. Should the circuit judge be authorized to grant summary judgment based on these recommended findings as was done in this case, appellant would be placed in the ridiculously untenable position of being bound by unreviewed findings of fact without any underlying evidence in the record and thus be deprived of the ability to dispute the sufficiency of the evidence to support such findings.
More importantly, however, even to permit the circuit court to review the sufficiency of the underlying evidence to support the recommended findings would be completely inappropriate because the purpose of the statutory court action is not to review *507 the administrative process and findings reached in that proceeding, but to afford the moving party a judicial forum in which to establish his or her statutory cause of action based on original evidence presented to the court in a de novo trial.
For these reasons, in addition to those discussed in the court's opinion, I join in reversing the summary judgment and remanding for further proceedings.
NOTES
[1] Section 90.801(1)(c), Florida Statutes (1983), provides: "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."
[2] Our conclusion in this regard is reinforced by the statutory requirement that each agency shall make available for public inspection and copying all of its agency orders, Section 120.53(2)(b), Florida Statutes (1983), and the Commission's rule implementing that requirement, Florida Administrative Code Rule 22T-6.007(3)(f), providing that the Commission's orders shall be published by the Florida Administrative Law Reports and the Florida Bar.
[3] Ehrhardt observes that the purpose of creating this type of exception to the hearsay rule "was to embrace records of a simple factual nature which primarily focus upon the functions of a public agency." C. Ehrhardt, Florida Evidence § 803.8, at 498 (2d ed. 1984) (footnote omitted).
[4] See Lamphere v. Brown Univ., 685 F.2d 743, 749 (1st Cir.1982) (findings of hearing panel composed of faculty members in a sex-discrimination case properly excluded from evidence, because findings were not those of a public agency).
[5] Federal Rule of Evidence 803(8) provides:

Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness. (Emphasis added.)
Federal courts have interpreted subsection (C) of this rule to permit admission of factual findings. See Chandler v. Roudebush, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976); United States v. School Dist. of Ferndale, Mich., 577 F.2d 1339 (6th Cir.1978). Although Section 90.803(8), Florida Statutes, is modeled after the federal rule, subsection (C) is omitted from the Florida Statute. It is unclear whether the Florida Legislature intended that the omission of subsection (C) from the statute should bar as evidence factual findings contained in final orders of public agencies. Because of our disposition of this case, we need not address this issue.
[1] Since the entry of the final agency order would preclude circuit court jurisdiction, we need not consider whether final orders in such proceedings are admissible in evidence under any of the exceptions to the hearsay rule.