691 So.2d 52 (1997)
David ROBINSON, as Co-Personal Representative of the Estate of Marvin L. Robinson and Co-Trustee of the Marvin L. Robinson Amended and Restated Declaration of Trust, Appellant,
v.
Sam TOOTALIAN, as Former Co-Trustee; Purdy, Donovan & Beal, Certified Public Accountants; and Marilyn Z. Robinson, as Co-Personal Representative of the Estate of Marvin L. Robinson and as Co-Trustee of the Marvin L. Robinson Amended and Restated Declaration of Trust, Appellees.
No. 96-2566.
District Court of Appeal of Florida, Fourth District.
April 9, 1997.
Michael L. Trop and Eric Lee of Atlas, Pearlman, Trop & Borkson, P.A., Fort Lauderdale, for Appellant.
William Jay Palmer and David Lawrence, III of Adorno & Zeder, P.A., Miami, for Appellee-Marilyn Z. Robinson.
KLEIN, Judge.
The decedent, Marvin L. Robinson, left a substantial estate in trust and named his wife Marilyn, his brother David, and his accountant, Sam Tootalian, as co-trustees. Tootalian *53 resigned leaving Marilyn and David to continue with the requirement that there be unanimity on all decisions. After much disagreement between the two trustees, the probate court removed David, and he appeals.
Much of the conflict revolved around the accountant, Tootalian. Marilyn had concluded that Tootalian had committed malpractice in regard to her husband's affairs before his death as well as in regard to his accounting work for the estate and trust. David, who was using Tootalian as his own accountant, opposed any claims being made against Tootalian. Marilyn had also discharged the trust's money manager; however, David wrote the firm and instructed it to disregard Marilyn's letter of discharge.
Marilyn sought and obtained, over David's objection, authority from the probate court to bring a malpractice action against Tootalian. David then disagreed with Marilyn's choice of a law firm, and continued to oppose the bringing of the action. David wanted Tootalian to continue to do work for the trust, and David filed accountings prepared by Tootalian which were objected to by Marilyn.
Needless to say these disagreements resulted in the court having to become the third trustee, so to speak, in order for the trust to be administered.
Marilyn filed a petition seeking the removal of David as co-trustee, and after an evidentiary hearing the probate court found that the disharmony between Marilyn and David was impeding the administration of the estate, hampering the litigation involving Tootalian, and unnecessarily depleting the estate and trust. The court removed David, and he appeals, arguing that the evidence was insufficient. We disagree.
In Rand v. Giller, 489 So.2d 796, 798 (Fla. 3d DCA 1986), the court noted:
When it is necessary to repeatedly resort to court action in order to resolve conflicts between co-personal representatives, the interests of the estate may best be served by removing one or both of the representatives.
See also Henderson v. Ewell, 111 Fla. 324, 149 So. 372 (1933) (removal of a joint administrator is appropriate where there is irreconcilable conflict regarding the management of an estate).
We find ample evidence to support the removal of David, and conclude that the other issues he raises about his removal are without merit. Marilyn concedes that the court should not have made the removal order, entered in June 1996, nunc pro tunc to January 1994. We therefore affirm the order in all respects except for the provision making it nunc pro tunc, which is reversed.[1]
PARIENTE and SHAHOOD, JJ., concur.
NOTES
[1] Orders are entered nunc pro tunc generally for the purpose of making effective a judicial act previously taken which is not apparent from the record. Applestein v. Alberring, 291 So.2d 206 (Fla. 3d DCA 1974); Nichols v. Walton, 82 Fla. 385, 90 So. 157 (1921).