347 So.2d 618 (1977)
Charles E. TODD, Jr., Petitioner,
v.
Joseph M. CARROLL, and the Palm Beach County School Board, Respondents.
No. 76-2379.
District Court of Appeal of Florida, Fourth District.
February 25, 1977.
*619 Thomas Montgomery, Belle Glade, for petitioner.
Michael E. Jackson, of Jackson & Jackson, Palm Beach, for respondents.
ALDERMAN, Judge.
Charles E. Todd, Jr., by petition for writ of certiorari, seeks to have reviewed a decision of the Palm Beach County School Board terminating his employment as administrative dean of Glades Central High School. We have jurisdiction pursuant to Section 120.68, Florida Statutes (1975).
The first issue is whether the doctrines of res judicata or estoppel by judgment apply in this case. We hold that they do not. Initially a petition for revocation of Mr. Todd's teaching certificate was filed by the Professional Practices Council of the Department of Education, pursuant to Section 231.28, Florida Statutes (1975). It was alleged that Mr. Todd committed certain acts which would justify revocation or suspension of his teaching certificate. After hearings before a hearing committee of the Professional Practices Council, the State Board of Education concluded that the findings of the hearing committee did not support revocation or suspension of Mr. Todd's teaching certificate. However, the State Board of Education found that there was cause to believe that Mr. Todd used poor professional judgment in some of his relationships with students and ordered that he be issued a letter of warning. Subsequently the Superintendent of Schools for Palm Beach County filed a petition with the Palm Beach county School Board recommending that Mr. Todd be dismissed from his job. The factual allegations upon which the recommendation was based were substantially the same as those alleged in the proceeding before the State Board of Education.
We hold that the doctrines of res judicata or estoppel by judgment are not applicable under the facts of the case where two separate and distinct governmental units independently considered similar factual allegation, but for different purposes. The State Board of Education was acting on a petition of the Professional Practices Council for revocation or suspension of Mr. Todd's teaching certificate. This involved his right to teach anywhere in the State of Florida, and not just in Palm Beach County. The Palm Beach County Board of Education was not a formal party to the proceeding before the State Board of Education and it is not bound by the findings of fact of the hearing committee of the Professional Practices Council. The subsequent proceeding before the Palm Beach County School Board involved different parties and related only to Mr. Todd's right to continued employment in the Palm Beach County School system.
Mr. Todd next alleges that the proceeding below should be dismissed because *620 the School Board did not comply with the notification requirements of Section 231.36(4), Florida Statutes (1975). In rejecting this argument we hold that the notification requirements of Section 231.36(4) have been superseded by the provisions of the new Administrative Procedures Act, Chapter 120, Florida Statutes (1975). Section 120.72(1), Florida Statutes, provides:
"The intent of the legislature in enacting this complete revision of chapter 120, Florida Statutes, is to make uniform the rulemaking and adjudicative procedures used by the administrative agencies of this state. To that end, it is the express intent of the legislature that the provisions of this act shall replace all others provisions in the Florida Statutes, 1973, relating to rulemaking, agency orders, administrative adjudication, or judicial review, except marketing orders adopted pursuant to chapters 573 and 601." (Emphasis supplied.)
The obvious intent of the legislature was to enact the new Administrative Procedures Act in place of the prior general law relating to administrative adjudication.[1]
The last point involves Mr. Todd's contention that his dismissal is not supported by sufficient findings of fact by a majority of the members of the Palm Beach County School Board. Written findings of fact were not prepared by the School Board. Instead, each member made an oral statement on the record. Each member stated that he found Mr. Todd guilty of differing degrees of unprofessional conduct. However it is not clear whether a majority of the School Board actually found him guilty of the specific acts of immorality or misconduct in office with which he was charged. We believe the ends of justice would best be served by remanding this case to the School Board for the purpose of its making specific written findings as to whether Mr. Todd is guilty of any of the specific acts of immorality or misconduct in office with which he is charged.
For that reason we relinquish jurisdiction for sixty days with instructions that the Palm Beach County School Board file with this court its written findings as to Mr. Todd's guilt or innocence of the specific acts with which he is charged.
ANSTEAD, J., concurs.
DAUKSCH, J., dissents, with opinion.
DAUKSCH, Judge, dissenting:
I respectfully dissent in part. While I don't disagree with the decision to relinquish jurisdiction in regard to the sufficiency of the evidence matter I do disagree with the holding of the court in regard to res judicata and estoppel by judgment. Upon complaint of the Palm Beach County School Board thru one of its supervisory agents the Professional Practices Council of the Department of Education made inquiry into certain charges against Mr. Todd in order to make recommendation to the State Board of Education concerning the revocation or suspension of Mr. Todd's teaching certificate. The State Board of Education, which is the cabinet of our State, found the evidence insufficient to revoke or suspend Mr. Todd's teaching certificate. Obviously the Palm Beach County School Board was not satisfied with the findings of the State Board of Education so it decided it would conduct its own investigation of the matter and proceeded to fire Mr. Todd from the Palm Beach County school system. The findings of the local school board are not available to us as the majority opinion indicates but on the scant evidence provided us it appears the tally of the vote of the individuals on the local board was quite close. The action of the local school board in reporting Mr. Todd to the state school board was an effective relinquishment of its authority and the local school board should be barred from attempting to re-assume the authority once relinquished not only on the basis of fairness but on the basis of res judicata and estoppel by judgment. The facts alleged against Mr. Todd were the same in both proceedings and were supportive *621 of the charges which were identical in both proceedings. So the only question remaining is whether or not the parties were the same. I agree the Palm Beach County School Board is not the same as the State Board of Education but I disagree that they are not the same parties in this case. The Professional Practices Council became involved in this case upon the complaint of the Palm Beach County School Board so it was effectively a party to the matter; it was more than the complaining witness. The local school board went about gathering the case for the State Board of Education and thus participated in the prosecution which it precipitated and in fact filed in the record exceptions to the findings of the hearing committee at the state level and participated in the hearings before the cabinet sitting as the state school board. The local school board chose its forum, the state school board, presented its witnesses at all the hearings on the state level and received the justice the state school board found it deserved. It wasn't happy so it came back home and fired Mr. Todd anyway. Not only was the matter res judicata and not only was the school board estopped by the previous judgment of the state school board, Mr. Todd's right of due process by law was probably violated by the school board in twice putting him to answer to the same charges. But the due process question was not raised and we need make no decision in that regard. The assertion of the school board that the firing of Mr. Todd from the Palm Beach County school system is a far less onerous penalty than the revocation or suspension of his license seems rather hollow when one considers the chances of this 18 year veteran teacher finding employment in some other Florida county. As to estoppel by judgment application to administrative hearings see Carol City Utilities, Inc. v. Miami Gardens Shopping Plaza, 165 So.2d 199 (Fla.3d DCA 1964). See also Smith v. United Services Automobile Association, 259 So.2d 501 (Fla.1st DCA 1972).
NOTES
[1] Alford v. Duval County School Board, 324 So.2d 174 (Fla. 1st DCA 1975), is distinguishable because it applies only to the Duval County Teachers' Tenure Act.