366 So.2d 473 (1979)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
STATE of Florida, CAREER SERVICE COMMISSION and Eugene Woodard, Appellees.
No. KK-239.
District Court of Appeal of Florida, First District.
January 9, 1979.
Alan E. DeSerio, Frank H. King and H. Reynolds Sampson, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., David K. Miller, Asst. Atty. Gen., Daniel Conley, Miami, for appellees.
MILLS, Judge.

Case Summary
The Department of Transportation (D.O.T.) appeals from an order of the Career Service Commission (Commission) reversing D.O.T.'s dismissal of its employee, Woodard. Woodard cross appeals on the ground that the Commission abused its discretion by failing to award him an attorney's fee. We affirm.

*474 Facts

By letter of 14 March 1977, a maintenance engineer of D.O.T. advised Woodard that he was suspended for five days due to misuse of state equipment. By letter of 16 March 1977, a district engineer of D.O.T. advised Woodard that he was dismissed for the same reason. Woodard appealed both the suspension and the dismissal to the Commission.
The Commission concluded that Woodard was guilty of the offenses charged by D.O.T. and that D.O.T. had good cause to suspend him but its subsequent dismissal of Woodard for the same offense constituted double jeopardy. The Commission sustained the suspension of Woodard but reversed his dismissal and ordered that he be reinstated with back pay.

Issue
The only issue properly before us is whether the Commission erred in reversing D.O.T.'s dismissal of Woodard after finding him guilty of all charges made by D.O.T.
D.O.T. contends double jeopardy is not applicable to a disciplinary proceeding such as this and the Commission is precluded from modifying D.O.T.'s dismissal.
The Commission and Woodard contend that D.O.T. lacks authority to discipline Woodard twice for a single offense.
We will not address the issue raised by the cross appeal because the record does not reflect that Woodard moved the Commission for an attorney's fee.

Decision
The authority of D.O.T. to discipline career service employees is limited by Section 110.061(2)(a), Florida Statutes (1977), and Rules 22A-7.10(6)(a) and 22A-10(7)(a), Florida Administrative Code.
Section 110.061(2)(a) provides that the Department of Administration shall establish rules and procedure for the suspension and dismissal of employees in the career service.
Rule 22A-7.10(6)(a) states:
"A suspension is defined as the action taken by an agency against an employee to temporarily relieve the employee of duties and place the employee on leave without pay."
Rule 22A-7.10(7)(a) states:
"A dismissal is defined as the action taken by an agency against an employee to separate the employee from the Career Service."
Although the Commission may have inartfully used the term "double jeopardy", its reversal was based on sound reasoning. D.O.T. not only lacked authority to discipline Woodard twice for the same offense but its action was fundamentally unfair. The same offense may be a proper ground for either a suspension or a dismissal but the statute and rules contemplate that these are mutually exclusive disciplinary alternatives. Otherwise, an agency could repeatedly punish an employee and the employee would never be secure in his employment. By this, we do not mean that an agency in an appropriate case, with proper notice to an employee, may not temporarily suspend an employee for the purpose of concluding its investigation of misconduct and for the purpose of arriving at just disciplinary action. Nevertheless, having concluded its investigation and reached its decision as to the disciplinary action it will administer to an employee, the disciplinary action administered may not be increased at a later date nor may an agency discipline an employee twice for the same offense.
D.O.T.'s argument that the Commission modified its dismissal of Woodard is without merit. The Commission clearly affirmed D.O.T.'s suspension and just as clearly reversed its dismissal. Woodard served his suspension time and that is not an issue here.

Judgment
The order appealed is affirmed.
BOYER, Acting C.J., and BOOTH, J., concur.