OTT, Judge.
Appellant filed a notice of claim against the Estate of James Riha, deceased. Appel-lee/personal representative filed an objection to the claim. Appellant thereupon filed a petition to extend the time period for filing suit provided under § 733.18(2), Fla.Stat. (1973). Hearing on the petition for extension of time was held on May 15, 1978. The hearing was not recorded or transcribed. On June, 8, 1978 the court entered a written order nunc pro tunc to May 15, 1978, granting appellant an extension until June 1, 1978 to file suit. Motion for rehearing was denied and this appeal followed.
A court may enter an order nunc pro tunc to correct the record of an order actually made, which was either entered incorrectly in the court records or not entered at all. DeBaun v. Michael, 333 So.2d 106 (Fla. 2d DCA 1976). However, when the court wholly omits an order or wishes to change it, the new order cannot be entered nunc pro tunc. Nichols v. Walton, 82 Fla. 385, 90 So. 157 (1921); 56 Am.Jur.2d, Motions § 44.
The record on appeal does not disclose the entry of an order Until that of June 8, 1978. There is no prior order for the June 8th order to correct nunc pro tunc. Unfortunately, the order of June 8th grants an extension of time which appellant is already precluded from using. Although the trial court determined that an extension was warranted, the defective order effectively denied such an extension. Under the circumstances we hold that the trial court erred in entering the nunc pro tunc order of June 8, 1978.
We are aware that the appellant had the burden of showing a substantial reason which constitutes a legal excuse. In re Goldman’s Estate, 79 So.2d 846 (Fla.1955); *405 Exchange National Bank of Winter Haven v. Field, 338 So.2d 889 (Fla. 2d DCA 1976). Since the record of the hearing is not before us on appeal, we must assume that the trial court correctly found good cause for granting appellant an extension. South Florida Apartment Association, Inc. v. Dansyear, 347 So.2d 710 (Fla. 3d DCA 1977); Brown v. Householder, 134 So.2d 801 (Fla. 2d DCA 1961).
The order appealed is reversed and the case remanded with direction that appellant be allowed 15 days within which to file suit.
BOARDMAN, Acting C. J., and SCHEB, J., concur.