BOOTH, Judge.
This cause is before us on appeal by the Department of Corrections (DOC) from the order of the Career Service Commission (CSC) which reinstated the employee, appel-lee herein, with full back pay, less a credit for a one month suspension.
The facts are that the employee was hired July IT, 1973, as a correctional counselor by the predecessor of the agency now titled “Department of Corrections.” On October 6 and 10 of 1977, the employee committed the acts which led to his suspension and ultimate dismissal from employment. On October 18, 1977, Edward T. Bosman, Correctional Counselor Chief I, wrote the employee a letter which notified him of the following: (1) that the employee was suspended without pay due to the incidents of October 6 and 10; (2) that Bosman was recommending to the superintendent that the employee be terminated due in part to the incidents of October 6 and 10, and (3) that “you [employee] will be advised — by registered letter — of the disposition of this matter.”
Thereafter, by letter dated October 26, 1977, from L. D. Jerrell, Acting Superintendent, the employee was advised that his employment was terminated and the reasons therefor. This letter also advised him of his right to appeal to CSC.
The employee appealed to CSC and on August 10, 1978, that agency entered its opinion and order setting out findings of fact with regard to the charges against the employee, concluding that the charges were true,[1] affirming the suspension period but reversing the dismissal, stating:
This Commission has consistently held that an agency lacks the authority to discipline an employee twice for a single offense and, further, that to do so is fundamentally unfair. ... It, therefore, is the opinion of this Commission that the Agency had good and just cause to take disciplinary action against the Appellant. However, the Agency elected to suspend the Appellant and then upon further reflection, decided to impose an additional punishment. Accordingly, we are of the opinion that this action placed the Appellant twice in jeopardy for the same offense.
On appeal[2] to this court the CSC relies on the prior opinion of this court in DOT v. Career Service Commission, 366 So.2d 473 (Fla. 1st DCA 1979), wherein this court held:
The same offense may be a proper ground for either a suspension or a dismissal but the statute and rules contemplate that these are mutually exclusive disciplinary alternatives. Otherwise, an agency could repeatedly punish an employee and the employee would never be secure in his employment. By this, we do not mean that an agency in an appropriate case, with proper notice to an employee, may not temporarily suspend an employee for the purpose of concluding its investigation of misconduct and for the *137 purpose of arriving at just disciplinary action. Nevertheless, having concluded its investigation and reached its decision as to the disciplinary action it will administer to an employee, the disciplinary action administered may not be increased at a later date nor may an agency discipline an employee twice for the same offense.
In the instant case, the letter of October 18, 1977, was notice to the employee that his suspension was for the purpose of determining the disposition of Mr. Bosnian's recommendation of dismissal. An agency may suspend an employee for a period of time necessary for the agency’s investigation, deliberation and disposition of the charges against him. The public interest would be ill-served by a rule requiring the employing agency either keep the employee on the job pending investigation and determination of disciplinary charges or discharge him outright in a precipitous fashion. It is only where suspension is used as a disciplinary measure in itself and followed by discharge, or other separate discipline, based on the same incident that the prohibition of DOT v. Career Service Commission, supra, applies.
Accordingly, the order sought to be reviewed is quashed and the cause remanded for further proceedings consistent herewith.
LARRY G. SMITH and McCORD, JJ., concur.

. CSC Opinion and Order: “This Commission finds that the Appellant failed to follow the oral instructions of his Supervisor, K. D. Nelms on October 10, 1977, when he failed to administer the sober-meter test. The Commission further finds the Appellant failed to advise his coworker to be on the lookout for the inmate to insure he fully complied with the order. It is the Commission’s finding that the Appellant improperly prepared his time sheet on October 6, 1977.”

. After appeal was filed in this court more than nine months were consumed with various motions filed by the parties, a rule to show cause issued by this court and interim briefing on a motion seeking remand for further agency action, which motion was ultimately denied.