501 So.2d 671 (1987)
Otis R. WALLEY, Appellant,
v.
FLORIDA GAME & FRESH WATER FISH COMMISSION, Appellee.
No. BI-483.
District Court of Appeal of Florida, First District.
January 20, 1987.
Rehearing Denied January 20, 1987.
*672 Paul Shimek, Jr., of Shimek & Sutherland, Pensacola, for appellant.
Kenneth McLaughlin, Sr. Atty., Florida Game and Fresh Water Fish Comm'n, for appellee.
WENTWORTH, Judge.
Appellant seeks review of a Career Service Commission Order by which he was dismissed from his job as a wildlife officer with the Florida Game and Fresh Water Fish Commission.
Appellant contends the Commission erred in finding that his omission of a 1974 arrest on employment applications was a willful falsification of information justifying dismissal, where an order of expungement nunc pro tunc was issued before his dismissal from employment and he had relied on advice from his attorney in filling out the application. Appellant contends also that by virtue of collateral estoppel, the Criminal Justice Standards and Training Commission's dismissal of its complaint against appellant precluded the Career Service Commission from relitigating the case.
In February 1979 and November 1980 appellant filed employment applications for the position of wildlife officer with the Florida Game and Fresh Water Fish Commission. He was hired in 1981. On both employment applications, appellant responded "no" to the question, "Have you ever been convicted of a felony or a first degree misdemeanor?" On a background data form, appellant responded "yes" to the question, "Have you ever been arrested or charged with any violations?" He stated that in 1977 he had been arrested for petit larceny in Auburn, Alabama, and the case was disposed of by imposition of a fine.
Records revealed that appellant had been arrested on the latter occasion for grand larceny, but pled guilty to petit larceny, a misdemeanor of no specific degree in Alabama. The sentence was suspended after payment of a fine and provision for restitution. The Alabama State Board of Pardons and Parole in July 1984 granted appellant a full pardon for the conviction.
Appellant in 1974 had been arrested in Pensacola for possession and sale of barbiturates. He pled no contest to the possession charge and the sale charge was nolle prossed. He was sentenced to probation and registered as a felon in Escambia *673 County, Florida. Upon completion of the probation, adjudication was withheld. Appellant did not mention this arrest on the application or background data forms. Appellant claimed that the attorney who had represented him on the narcotics charge told his mother that appellant had no record, meaning no record of conviction. Appellant did, however, have a record of arrest because no order ever had been sought to expunge the record of that arrest.
The agency in February 1983 by letter informed appellant that it intended to dismiss him for failure to disclose material information regarding criminal activity, and for his deliberate omission of previous criminal charges on his application. Following a predetermination conference, the agency informed appellant that he would be dismissed, effective March 25, 1983.
After the predetermination conference, but before dismissal, appellant obtained a nunc pro tunc order expunging all record of the 1974 possession of barbiturates arrest and disposition. The order was entered on February 23, 1983, nunc pro tunc November 19, 1974.
At a December 22, 1983 hearing, the Commission ruled initially that the nunc pro tunc expungement order exonerated appellant. The sole issue left was whether appellant falsified the account of his 1977 Alabama arrest on his application and background data form. At a second hearing, the agency moved to rescind all previous rulings and the motion was granted.
At the second hearing, appellant sought to introduce the decision of the Criminal Justice Standards and Training Commission to dismiss a charge against him concerning certification. The case arose out of the same application for employment appellant filed with the Florida Game and Fresh Water Fish Commission. The Criminal Justice Standards and Training Commission found on the basis of the expungement order that appellant had not falsified his application for employment. The Career Service Commission found that the dismissal of that charge was not a factor in this case.
Section 893.14(2), enacted in 1973 and repealed in 1980, provided that:
Upon discharge and dismissal of an offender under subsection (1), or if a person is acquitted or released without being adjudicated guilty, the court shall issue an order to expunge from all official records ... all official recordation relating to his arrest, indictment or information, trial, finding of guilt, and dismissal and discharge pursuant to this section ...
Appellant in February 1983 filed his motion for order of expungement nunc pro tunc in the circuit court for Escambia County, claiming that in 1974, under the provisions of section 893.14(2), Florida Statutes (1973), appellant had been entitled to a mandatory issuance of an order to expunge any record of his arrest and discharge pursuant to the law. The circuit court issued an order of expungement nunc pro tunc pursuant to section 893.14(2) in response to appellant's motion.
A nunc pro tunc order can relate back only to supply a record of something actually done or determined at the earlier time. Riha v. Harding, 369 So.2d 404 (Fla. 2d DCA 1979). The record before us contains no evidence that in 1974 the circuit court ever issued an order of expungement or that a motion for expungement was ever filed. The November 19, 1974 nunc pro tunc order issued in February 1983 could not under these circumstances effectuate an action that had not been taken or create an order that had never been entered.
The current law, section 943.058(6), Florida Statutes, requires that candidates for employment with a criminal justice agency may not lawfully deny or fail to acknowledge events covered in expunged or sealed records, even when those records were expunged pursuant to former sections 893.14 and 901.33. Section 943.058 was effective October 1, 1980, one month prior to the date appellant filed his 1980 application for employment with the Florida Game and Fresh Water Fish Commission. In Walton v. Turlington, 444 So.2d 1082 (Fla. *674 1st DCA 1984), this court held that expungement of records of criminal prosecution pursuant to section 943.058 places an individual in the same position as if he had never been charged, but that such expungement does not mean he may not be held responsible for his prior criminal actions in a noncriminal proceeding.
Appellant does not have a valid expungement order pursuant to the nunc pro tunc order issued in February 1983. He thus lacks standing to challenge section 943.058(6), Florida Statutes, as an ex post facto law.
As to the second issue on appeal, collateral estoppel is applicable when an identical issue has been litigated between the same parties or their privies. Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla. 1984). The doctrine would not bar the Career Service Commission from dismissing appellant because of the clear disparity of issues before the two agencies. While the Criminal Justice Standards and Training Commission did consider the same act of alleged falsification of information on appellant's employment application and background data form, and chose to dismiss its decertification complaint on the basis of the nunc pro tunc order of expungement, the Criminal Justice Standards and Training Commission and the Career Service Commission were engaged in the performance of different functions. There existed neither mutuality of issues nor parties in the two proceedings, as required under Florida law if collateral estoppel is to apply.
Appellant argues in addition that notions of fundamental fairness preclude the Career Service Commission from relitigating the case that was considered by the Criminal Justice Standards and Training Commission, citing as support Department of Corrections v. Duncan, 382 So.2d 135 (Fla. 1st DCA 1980), and State Department of Transportation v. Career Service Commission, 366 So.2d 473 (Fla. 1st DCA 1979). These cases involved the suspension and subsequent dismissal of employees. In both cases, the court found that an agency may not reach a decision as to disciplinary action on one occasion, and then at a later date increase the disciplinary action so that the agency disciplines the employee twice for the same offense. The facts in this case are not analogous. The Criminal Justice Standards and Training Commission considered this charge in the context of decertification, while the Career Service Commission considered the charge in the context of the Florida Game and Fresh Water Fish Commission's dismissal of appellant.
The order is accordingly affirmed.
SMITH, J., concurs.
BARFIELD, J., concurs with written opinion.
BARFIELD, J., concurring:
I concur except with the statement "There existed neither mutuality of issues nor parties in the two proceedings... ." I agree that estoppel is not available where separate agencies address different issues. The only question before us involves two proceedings with different issues. I would not necessarily preclude the application of estoppel where separate agencies attempted determination of the same issue.