585 So.2d 500 (1991)
Virginia NEWBERRY, Appellant,
v.
FLORIDA DEPARTMENT OF LAW ENFORCEMENT, CRIMINAL JUSTICE STANDARDS AND TRAINING COMMISSION, Appellee.
No. 90-2088.
District Court of Appeal of Florida, Third District.
September 17, 1991.
Cynthia Ann Greenfield, Miami, for appellant.
Joseph S. White, Tallahassee, for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
Virginia Newberry appeals an order of the Criminal Justice Standards and Training Commission of the Florida Department of Law Enforcement revoking her certification as a law enforcement officer. We affirm.
Newberry first contends that the action of the Commission was barred by the doctrines of res judicata or collateral estoppel, in that she prevailed at an administrative hearing conducted by an administrative *501 hearing officer appointed by the Dade County School Board after Newberry's employment was terminated. The hearing officer ordered Newberry reinstated. However, the School Board position Newberry occupies also requires certification by the Criminal Justice Standards and Training Commission. The facts giving rise to the School Board's termination action had been reported to the Commission, which initiated proceedings to revoke Newberry's law enforcement certification.
For two distinct reasons, we conclude that the doctrines of res judicata and collateral estoppel do not bar the Commission's action. First, we conclude, as have the first and fourth districts, that "the doctrines of res judicata or estoppel by judgment are not applicable under the facts of the case where two separate and distinct governmental units independently considered similar factual allegation[s] but for different purposes." Todd v. Carroll, 347 So.2d 618, 619 (Fla. 4th DCA 1977); accord Walley v. Florida Game & Fresh Water Fish Comm'n, 501 So.2d 671, 674 (Fla. 1st DCA 1987).
Second, when the hearing took place before the School Board's hearing examiner, the examiner allowed Newberry to present the results of a polygraph examination which the examiner indicated he gave some, but not great, weight. By contrast, in the present proceeding the hearing officer and the Commission ruled the polygraph results inadmissible, a ruling not challenged here. Even if the doctrines of res judicata or collateral estoppel did apply, the consideration by the county hearing examiner of the polygraph examination would render the doctrines inapplicable in this case.
Newberry also contends that there was insufficient substantial competent evidence presented to support the factual determinations of the hearing officer. In this case the Commission had the burden to prove by clear and convincing evidence, see Ferris v. Turlington, 510 So.2d 292 (Fla. 1987), that Newberry had failed to maintain good moral character as defined in Rule 11B-27.0011(4), Florida Administrative Code. The hearing officer's conclusions of law correctly set forth the Commission's burden of proof, and we do not read the hearing officer's conclusions of law as having impermissibly shifted the burden to Newberry. After review of the record herein, we conclude that the findings of fact are supported by substantial competent evidence and therefore we must affirm. See § 120.68(10), Fla. Stat. (1989).
Finally, Newberry argues that the penalty imposed was unduly harsh in light of all of the circumstances. Some of the members of the Commission agreed with Newberry's position and voted against the sanction imposed, but the majority voted for revocation. The action taken by the Commission is also more severe than that taken by the Dade County School Board. Nonetheless, under the law applicable in this case, this court is not authorized to review the extent of the penalty imposed. See Florida Real Estate Comm'n v. Webb, 367 So.2d 201, 202-04 (Fla. 1978); § 120.68(12), (14), Fla. Stat. (1989).
Affirmed.