SMITH, Senior Judge.
The Department of Environmental Protection (DEP) appeals the final order of the Public Employees Relations Commission (PERC), which found that James B. Barker, the Appellee (Barker), was punished twice for the same offense and rescinded his demotion and transfer on that basis. We affirm, finding that DEP failed to satisfy the statutory notice requirements when it disciplined Barker.
The DEP employed Barker as a Park Officer since February 1, 1990. Park Officers serve as law enforcement officers in Florida state parks, over which DEP has administrative authority. On September, 20 1993 the Park Manager at Sebastian Inlet State Recreation Area issued a written reprimand for conduct related to his law enforcement duties. At the same time, the Park Manager orally informed Barker of the agency’s intention to demote him to the position of Park Ranger and transfer him to another park location. As a Park Ranger, Barker would perform no law enforcement duties, his performance of which had been the basis of the discipline. The demotion and transfer were not immediately effective, however. In apparent recognition of Barker’s otherwise satisfactory performance, the Park Manager offered Barker the option to take a voluntary demotion without loss of pay and choose another park location, which would not reflect the negative impact of an involuntary demotion and transfer in the employee’s record.
Two months later, after Barker contested the written reprimand and refused to accept voluntary demotion, the DEP notified him by certified letter dated 23 November 1993 of disciplinary action based upon the same conduct for which he had received the written reprimand. The disciplinary action included demotion from his then current job classification of Park Officer to Park Ranger, with a corresponding reduction in pay, and transfer from Sebastian Inlet to another park location within the state park system. Barker appealed his demotion to PERC which found that Barker had been punished twice for the same offense. We agree.
“Any permanent career service employee subject to reduction in pay, transfer, layoff, or demotion from a class in which he has permanent status in the Career Service System shall be notified in writing by the agency prior to its taking such action.” Section 110.227(4), Florida Statutes (1993). “[A]n agency may not reach a decision as to disciplinary action on one occasion, and then at a later date increase the disciplinary action so that the agency disciplines the employee twice for the same offense,” Walley v. Florida Game and Fresh Water Fish Commission, 501 So.2d 671, 674 (Fla. 1st DCA 1987); see also State, Department of Transportation v. State, Career Service Commission, 366 So .2d 473 (Fla. 1st DCA 1979); Department of Corrections v. Duncan, 382 So.2d 135 (Fla. 1st DCA 1980). Whatever its intention in allowing Barker to opt for voluntary demotion, the agency failed to comply with the statute governing notification of disciplinary action. As PERC properly found, by issuing a written reprimand on September 20 and, two months later issuing another written notice informing Barker of his demotion and transfer, the agency disciplined him twice for the same offense.[1] The order of PERC is, therefore, AFFIRMED.
ALLEN and DAVIS, JJ., concur.

. In view of the statutory requirements of § 110.227(4), Fla.Stat. noted above, DEP's argument that the written reprimand and the verbal notice of intention to demote Barker were "a *596 single contemporaneous action" — and thus a single punishment — is not well taken. Not only did the verbal notice not comply with the mandatory provisions of the statute, but the punishment later attempted — demotion with loss of pay — exceeded the verbal offer of demotion with no loss of pay in return for Barker's voluntary acceptance of a demotion. It is obvious that if improperly used, this method of exercising disciplinary powers could result in unduly coercive pressures being used to the detriment of an employee as to whom insufficient grounds for the threatened disciplinary action actually existed.