917 So.2d 1035 (2006)
Donna L. GLIDDEN, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 1D05-1335.
District Court of Appeal of Florida, First District.
January 10, 2006.
Tommy K. Blackmon, Esq. of Community Legal Services of Mid-Florida, Inc., Inverness, for Appellant.
Geri Atkinson-Hazelton, General Counsel; John D. Maher, Deputy General Counsel, Tallahassee, for Appellee.
PER CURIAM.
Claimant, Donna L. Glidden, challenges an order of the Unemployment Appeals Commission ("Commission") affirming the appeals referee's decision that she was disqualified from receiving unemployment compensation benefits because she was discharged for misconduct connected with work. Claimant argues that following her first appeal, the Commission erred in preventing *1036 her from presenting evidence at the hearing on remand other than that regarding new matters or changed conditions that occurred after claimant's previous hearing before the Public Employees Relations Commission ("PERC"). Having already addressed this issue in claimant's initial appeal, we again reverse and remand.
After claimant was discharged from her position as a Juvenile Detention Officer with the Department of Juvenile Justice, she appealed her dismissal to PERC. PERC held an evidentiary hearing, made factual findings regarding claimant's dismissal, and concluded that claimant was properly dismissed for cause. Claimant subsequently filed a petition for unemployment compensation benefits, and the Agency for Workforce Innovation ("Agency") determined that benefits were not payable because she was discharged for misconduct connected with work. On appeal from the Agency's decision, the appeals referee found that, pursuant to the principle of estoppel by judgment, claimant was bound by PERC's findings in the unemployment compensation proceedings. Thus, the referee limited the hearing to closing statements. Based on PERC's findings, the referee found that claimant engaged in misconduct connected with work and, accordingly, was disqualified from receiving benefits. The Commission affirmed the referee's decision. We subsequently reversed and remanded for further proceedings because claimant "was denied the right to present evidence at the final hearing before the appeals referee." See Glidden v. Dep't of Juvenile Justice, 870 So.2d 962, 962 (Fla. 1st DCA 2004).
On remand, the Commission directed the appeals referee to conduct a hearing and to permit the parties to present evidence regarding new matters or changed conditions that had occurred since the PERC hearing. Pursuant to the order, the appeals referee limited the hearing to such evidence despite claimant's assertion that because she was discharged prior to the PERC hearing, no relevant evidence had come to exist since it was conducted. Following the hearing, at which neither party presented any evidence, the appeals referee reinstated her previous decision that benefits were not payable because claimant was discharged for misconduct connected with work, and the Commission affirmed that decision. This appeal followed.
As claimant argues, "`[T]he doctrines of res judicata or estoppel by judgment are not applicable under the facts of the case where two separate and distinct governmental units independently considered similar factual allegation[s] but for different purposes.'" Newberry v. Fla. Dep't of Law Enforcement, Criminal Justice Standards & Training Comm'n, 585 So.2d 500, 501 (Fla. 3d DCA 1991) (quoting Todd v. Carroll, 347 So.2d 618, 619 (Fla. 4th DCA 1977)); see also Walley v. Fla. Game & Fresh Water Fish Comm'n, 501 So.2d 671, 674 (Fla. 1st DCA 1987) (holding that collateral estoppel did not bar the Career Service Commission from dismissing the appellant for failure to disclose material information regarding criminal activities on his employment application where the Criminal Justice Standards and Training Commission had considered the same alleged falsification in ruling on a decertification complaint against the appellant because of the clear disparity of issues before the two agencies, which were engaged in different functions). Because PERC and the Commission are two separate and distinct agencies that consider similar factual allegations for different purposes, the doctrine of estoppel by judgment should never have been applied in this case. Additionally, estoppel by judgment *1037 was inapplicable in this case because the standard applicable to PERC's determination was different from the standard applicable to the Commission's decision. See State, Dep't of Health & Rehabilitative Servs. v. Vernon, 379 So.2d 683, 684 (Fla. 2d DCA 1980).
As such, claimant was entitled to a full hearing before the appeals referee on the issue of whether she engaged in misconduct connected with work, at which she should have been able to present any admissible evidence relevant to that issue. Contrary to the Commission's argument, our opinion in Glidden, 870 So.2d at 962, was intended to provide her with such a hearing.
Accordingly, we REVERSE and REMAND for further proceedings.
ERVIN, DAVIS and LEWIS, JJ., concur.