DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JJD REALTY, LLC,**
Appellant,

v.

**ARTESA HOMEOWNERS' ASSOCIATION, INC.,** and
**BARINGTON BARNES, LLC,**
Appellees.

No. 4D19-3618

[November 12, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie Rowe, Judge; L.T. Case No. 502018CA007494XXXXMB.

Scott C. Gherman of Scott C. Gherman, P.A., Boca Raton, for appellant.

No appearance for appellees.

PER CURIAM.

JJD Realty, LLC appeals the circuit court's nunc pro tunc order directing the clerk of court to issue a certificate of title for property JJD Realty bid on during a foreclosure sale. JJD Realty argues the court erred in entering the order nunc pro tunc. We agree.

"A nunc pro tunc order may be used to correct the record of an order actually made, but perhaps entered 'incorrectly in the court records or not entered at all.'" *Rodriguez v. Palm Beach Cty. Div. of Animal Care & Control*, 988 So. 2d 738, 738 (Fla. 4th DCA 2008) (emphasis removed) (quoting *In re Riha's Estate*, 369 So. 2d 404, 404 (Fla. 2d DCA 1979)). While a nunc pro tunc order can correct the record to reflect actions previously taken, *see Applestein v. Alberring,* 291 So. 2d 206, 207 (Fla. 3d DCA 1974), it cannot be used to enter an order that was "wholly" omitted or to change an existing order, *In re Riha's Estate*, 369 So. 2d at 404 (citation omitted).

A careful review of the record does not show any action by the court on the pending motion to issue certificate of title, filed on January 7, 2019, until the nunc pro tunc order was entered on October 23, 2019. So, like

in *Rodriguez* where "no ruling had been made on the motion . . . filed almost one year before entry of the nunc pro tunc order," *see* 988 So. 2d at 739 (emphasis removed), the court's nunc pro tunc order in this case was not permissible and must be reversed.

*Reversed and remanded.*

GROSS, MAY and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***