# Third District Court of Appeal
## State of Florida

Opinion filed September 20, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1665
Lower Tribunal No. 18-12926
_____

**Tiffany Martin,**
**as Personal Representative of the Estate of Jody Covert,**
Appellant,

vs.

**Edward W. Buttner, IV,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria Elena Verde, Judge.

Barry S. Franklin & Associates, P.A., and Barry S. Franklin, for appellant.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for appellee.

Before LINDSEY, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Nationstar Mortg., LLC v. Diaz, 227 So. 3d 726, 729 (Fla. 3d DCA 2017) ("As a trial court's ruling on whether a judgment is void presents a question of law, an appellate court reviews the trial court's ruling de novo."); Colucci v. Greenfield, 547 So. 2d 224, 225 n.1 (Fla. 3d DCA 1989) ("The law is well-settled that the trial court's subject matter jurisdiction may be raised at *any* time.") (emphasis in original); Strommen v. Strommen, 927 So. 2d 176, 179 (Fla. 2d DCA 2006) ("[Subject matter jurisdiction] cannot be conferred by waiver, acquiescence, or agreement of the parties.  A trial court's lack of subject matter jurisdiction makes its judgments void, and a void judgment can be attacked at any time, even collaterally.") (internal citation omitted);  In re Riha's Estate, 369 So. 2d 404, 404 (Fla. 2d DCA 1979) ("A court may enter an order nunc pro tunc to correct the record of an order [a]ctually made, which was either entered incorrectly in the court records or not entered at all.  However, when the court wholly omits an order or wishes to change it, the new order cannot be entered nunc pro tunc.")  (internal citation omitted).